EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico | Certiorari |
| Peticionario | |
| v. | 2007 TSPR 75 |
| Luis Cruz Alicea | 170 DPR _____ |
| Recurrido | |

Número del Caso: CC-2006-548

Fecha: 26 de abril de 2007

Tribunal de Apelaciones:

        Región Judicial de Caguas

Juez Ponente:

        Hon. Carmen A. Pesante Martínez

Oficina del Procurador General:

        Lcda. Zaira Z. Girón Anadón
        Procuradora General Auxiliar

Abogada de la Parte Recurrida:

        Lcda. Wanda T. Castro Alemán

Materia: Archivo definitivo por violación al Debido Proceso de Ley

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

       v.                          CC-2006-548      Certiorari

Luis Cruz Alicea

    Recurrido

Opinión del Tribunal emitida por el Juez Presidente señor Hernández Denton

San Juan, Puerto Rico, a 26 de abril de 2007.

El Procurador General solicita la revisión de una decisión del Tribunal de Apelaciones mediante la cual se resolvió que la Sala de Asuntos de Menores no tenía jurisdicción sobre Luis Cruz Alicea (en adelante, Cruz Alicea) por éste haber cumplido la mayoría de edad y, además, que no procedía procesarlo como adulto, toda vez que el caso no fue sometido a tiempo ante la Sala de Asuntos de Menores. En su recurso, el Procurador General expone que el caso no fue presentado oportunamente en la Sala de Asuntos de Menores porque Cruz Alicea se fugó de la jurisdicción y, cuando fue localizado por las autoridades, ya había cumplido la mayoría de edad.

Por entender que Cruz Alicea debe ser procesado como adulto, revocamos la determinación recurrida.

I

En un caso anterior al que nos ocupa, Cruz Alicea hizo alegación de culpabilidad por violación al Artículo 404 de la Ley Núm. 4 de 23 de junio de 1971, Ley de Sustancias Controladas, 24 L.P.R.A. Sec. 2404, ante la Sala de Asuntos de Menores del Tribunal de Primera Instancia. Así las cosas, se le concedió el beneficio de libertad a prueba bajo la custodia de su madre. Posteriormente, se le revocó el beneficio y se ordenó su ingreso al Hogar CREA para recibir tratamiento. Como Cruz Alicea no acudió a dicho centro, en enero de 1999, se emitió una orden de detención en su contra, se revocó la libertad a prueba en su ausencia y se entregó su custodia a la Administración de Instituciones Juveniles. En las vistas de seguimiento de la orden de detención, la madre de Cruz Alicea informó inicialmente que su hijo se encontraba en Hartford, Connecticut, pero luego alegó que desconocía su paradero.

Mientras tanto, estando vigente la mencionada orden de detención, en agosto de 1999 Cruz Alicea fue detenido por agentes de la Policía de Puerto Rico por alegada posesión de sustancias controladas con la intención de distribuir. Según surge del expediente, en ese momento Cruz Alicea le brindó a los agentes información falsa sobre su nombre y número de seguro social, pero su fecha

de nacimiento resultó ser correcta. Acto seguido, los agentes lo llevaron ante un magistrado del Tribunal de Primera Instancia donde se determinó causa probable para su arresto. Cruz Alicea fue ingresado en una institución carcelaria para adultos y, posteriormente, fue puesto en libertad bajo fianza.

Ante la incomparecencia de Cruz Alicea a la Vista Preliminar, el foro de instancia determinó causa en ausencia y ordenó su arresto. Tanto en esa ocasión como en el acto de lectura de acusación, la madre de Cruz Alicea informó que no conocía el paradero de su hijo. Tras la incomparecencia de Cruz Alicea a varios señalamientos, el tribunal de instancia confiscó la fianza y ordenó el archivo administrativo del caso, declarando a Cruz Alicea prófugo de la justicia.

En el año 2005, después de haber sido extraditado del Estado de Connecticut, Cruz Alicea compareció al acto de lectura de acusación. Una vez comenzado el juicio, la defensa planteó que, al momento de cometer los hechos, Cruz Alicea era menor de edad, por lo que el tribunal carecía de jurisdicción para procesarlo como adulto. Ante dicha alegación, el tribunal le concedió un término a la defensa para presentar el certificado de nacimiento de Cruz Alicea.

Luego de acreditar que el imputado era menor de edad cuando cometió los hechos, se remitió el caso a la Sala de Asuntos de Menores. En la vista correspondiente,

dicho foro determinó que carecía de autoridad para entender en el caso ya que Cruz Alicea había cumplido la mayoría de edad. A su vez, estableció que los agentes del orden público fueron negligentes al no corroborar la edad del imputado y, por ende, al encausarlo como adulto. Por tanto, la Sala de Asuntos de Menores concluyó que el Estado fue responsable de que la querella no se presentara a tiempo ante sí y entendió que el debido proceso de ley le impedía remitir el caso para que se le procesara como adulto. En vista de ello, ordenó el archivo del caso. Cabe señalar que en el caso criminal anterior también se archivaron los cargos contra Cruz Alicea por haber éste cumplido veintiún (21) años.

Inconforme, el Procurador General acudió ante el Tribunal de Apelaciones alegando que erró el foro de instancia al resolver que le correspondía al Estado realizar las gestiones para corroborar la minoridad del imputado al momento de cometer los hechos. Además, sostuvo que Cruz Alicea, al fugarse de la jurisdicción, fue responsable de que su caso no se remitiera a tiempo ante el Tribunal de Menores y que, por tanto, correspondía procesarlo como adulto. No obstante, el foro apelativo denegó la expedición del auto solicitado.

El Procurador General acude ante nos y aduce que la decisión recurrida tuvo el efecto de otorgarle a Cruz Alicea inmunidad procesal absoluta, premiando su conducta reiterada de fugarse del sistema con el propósito de

privar a los tribunales de jurisdicción. Además, sostiene que, al fugarse, Cruz Alicea renunció implícitamente al foro de justicia juvenil y que, por tanto, se le debe procesar como adulto.

Vista la petición, le ordenamos a Cruz Alicea mostrar causa por la cual no debamos revocar la decisión recurrida. Éste presentó su posición oportunamente. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II

### A

El procedimiento de menores goza de una naturaleza *sui generis* que, a raíz de la aprobación de la nueva Ley de Menores, ha adquirido matices de tipo punitivo. Contrario a la orientación paternalista y tutelar de la antigua ley, la ley vigente ha adoptado un enfoque ecléctico, en el cual se armoniza la responsabilidad de *parens patriae* del Estado de rehabilitar a los menores con el deber de éstos de responder por sus actos. Exposición de Motivos de la Ley Núm. 88 de 9 de julio de 1986, Leyes de Puerto Rico, pág. 286, 34 L.P.R.A. sec. 2201 *et seq*.; <u>Pueblo en interés de los menores A.L.R.G. y F.R.G.</u>, 132 D.P.R. 995 (1993).

Como norma general, la Sala de Asuntos de Menores del Tribunal de Primera Instancia tiene jurisdicción para entender en todo caso en que se le impute a un menor, que todavía no ha cumplido los dieciocho (18) años, haber

incurrido en conducta que, de ser cometida por un adulto, constituiría delito. El concepto de jurisdicción, por ende, tiene una acepción peculiar en el contexto del procedimiento de menores, pues está relacionado con la cuestión de si el menor debe ser encausado dentro del sistema de justicia juvenil o en el sistema de justicia criminal. Dicho concepto alude propiamente a la facultad esencial de la Sala de Asuntos de Menores para entender en procesos contra los menores. Pueblo en interés del menor A.A.O., 138 D.P.R. 160 (1995).

La Sala de Asuntos de Menores conserva su autoridad sobre el menor hasta que éste cumple la edad de veintiún (21) años salvo que, mediante orden al efecto, se dé por terminada la misma. Dicho foro pierde su autoridad en los casos en que el menor es procesado y convicto como adulto. 34 L.P.R.A. Sec. 2205. Por consiguiente, el Tribunal de Menores no tiene jurisdicción sobre un menor cuando los actos imputados ocurrieron después de éste haber cumplido dieciocho (18) años. En cambio, cesa su autoridad sobre el menor cuando éste cumple veintiún (21) años de edad o cuando ha sido procesado y convicto como adulto. Pueblo en interés del menor A.A.O., *supra*.

Cabe señalar que la legislación sobre menores establece normas particulares para regular la intervención con éstos. Todo menor aprehendido debe notificar al funcionario del orden público que efectúa la aprehensión su nombre, edad, dirección residencial y

postal y los nombres y dirección residencial de sus padres o encargados. El funcionario del orden público tiene el deber de comunicarse inmediatamente con cualesquiera de los padres, familiares o encargados del menor, para requerir que estén presentes durante la vista ante el juez. Una vez se realiza la aprehensión, el funcionario del orden público debe conducir al menor ante un juez sin demora innecesaria. El juez le informará al menor aprehendido y a sus padres o encargados -si éstos están presentes- de la queja presentada y de sus derechos durante el proceso. Le corresponde al juez determinar si el menor va a permanecer bajo la custodia de sus padres o encargados hasta la vista de determinación de causa probable para la radicación de la querella o si ordenará su detención provisional. 34 L.P.R.A. Ap. I-A R. 2.9. La Ley de Menores establece que en todos los asuntos de menores debe participar un Procurador para Asuntos de Menores. 34 L.P.R.A. Sec. 2212.

El procedimiento antes esbozado aplica cuando se interviene con una persona cuya minoridad es conocible para los agentes del Estado. No obstante, la legislación sobre menores también contempla la posibilidad de que se determine que el imputado es menor de edad en un momento posterior a la intervención con él y después de haber comenzado un procedimiento criminal ordinario. Eso puede ocurrir, por ejemplo, porque al momento de la aprehensión

no se podía conocer o no era conocible la minoridad del imputado.

De hecho, en Pueblo v. Tribunal Superior, 100 D.P.R. 80 (1971) reconocimos que puede ocurrir que la apariencia física del infractor, su conducta u otras circunstancias indiquen que se trata de un adulto y que como tal se le procese. *Id* a la pág. 84. Por tanto, si se da alguna circunstancia que impida que se conozca el hecho de la minoridad, el imputado puede encauzarse inicialmente mediante el proceso ordinario, hasta tanto se compruebe su condición de menor.

B

Ahora bien, una vez se conoce la minoridad del imputado, corresponde trasladar el caso a la Sala de Asuntos de Menores. No obstante, en Pueblo v. Agosto Vázquez, 112 D.P.R. 57 (1982), resolvimos que corresponde procesar al imputado como adulto cuando éste es responsable de que el caso no se sometiera a tiempo ante la Sala de Asuntos de Menores. En aquella ocasión, el imputado se escapó repetidamente de la jurisdicción antes de que el caso fuese remitido a la Sala de Asuntos de Menores. Posteriormente, fue extraditado y entregado a las autoridades de Puerto Rico. Una vez comenzado el juicio en su fondo, se determinó que el acusado había cometido los hechos imputados siendo menor. Sin embargo, en ese momento ya había cumplido la mayoría de edad. Ante esas circunstancias, entendimos que —al fugarse de

la jurisdicción- el acusado renunció implícitamente a que la Sala de Menores determinase si retenía jurisdicción sobre el caso.  Por tanto, resolvimos que no procedía el archivo del caso.  A esos fines, puntualizamos que:

> Nuestro ordenamiento jurídico no requiere tan peregrino resultado, en el que se le confiere a un adulto inmunidad absoluta de que se le juzgue en tribunal alguno por la comisión de un alegado asesinato, cuando él mismo es responsable de que el caso no se sometiese a tiempo a la Sala de Asuntos de Menores. *Id*.

Con este marco normativo en mente, atendemos el caso ante nuestra consideración.

III

En este caso, la Sala de Asuntos de Menores entendió que los agentes del orden público fueron negligentes al iniciar el procedimiento en contra de Cruz Alicea ante la Sala Superior ordinaria.  Dicha negligencia, al parecer de los foros recurridos, causó que el caso no se presentara a tiempo ante la Sala de Asuntos de Menores, toda vez que cuando finalmente se remitió ya Cruz Alicea había cumplido los veintiún (21) años de edad.  En vista de ello, dichos foros resolvieron que el Tribunal de Menores no tenía autoridad sobre Cruz Alicea y que procedía archivar el caso.  No estamos de acuerdo.

La propia legislación sobre menores, así como su jurisprudencia interpretativa, contemplan la posibilidad de que un menor sea encauzado a través del procedimiento ordinario cuando no se conoce su minoridad.  Como indicamos antes, la apariencia física del infractor, su

conducta u otras circunstancias podrían dar pie a que su minoridad no sea realmente conocible para los agentes del Estado.

En este caso, precisamente, la conducta de Cruz Alicea configuró el tipo de circunstancia que impidió que para los agentes del orden público fuera conocible el hecho de su minoridad. Ello en vista de que, según surge del expediente, éste proveyó información falsa sobre un segundo nombre por el que, alegadamente, era conocido. Además, Cruz Alicea ofreció un número de seguro social que no correspondió con los nombres provistos. Todo ello indujo a los agentes del Estado a un error razonable que desembocó en la presentación de los cargos correspondientes ante la Sala Superior ordinaria.

No obstante, la minoridad de Cruz Alicea fue conocida posteriormente en el acto del juicio cuando, a solicitud del Tribunal, la defensa presentó su certificado de nacimiento. En ese momento, conforme al derecho aplicable, lo propio era remitir el caso a la Sala de Asuntos de Menores. Sin embargo, al fugarse, Cruz Alicea provocó que se dilatara dicho traslado hasta el momento en que fue entregado nuevamente a las autoridades. En ese momento, ya el Tribunal de Menores no tenía autoridad sobre su persona por haber cumplido veintiún (21) años de edad. Por tanto, -con su conducta- Cruz Alicea renunció implícitamente a que la Sala de Menores asumiera jurisdicción sobre su caso.

Reiteramos lo expresado en *Pueblo v. Agosto Vázquez, supra,* a los efectos de que los mecanismos del sistema de justicia juvenil no pueden manipularse para lograr que un imputado no sea juzgado en ningún tribunal. Resolver lo contrario conllevaría premiar la conducta de un menor de fugarse de la jurisdicción y tendría el efecto de concederle inmunidad absoluta por sus actos delictivos.

En vista de lo anterior, resolvemos que Cruz Alicea es responsable de que su caso no fuese remitido a tiempo a la Sala de Asuntos de Menores. Por ende, corresponde procesarlo como adulto.

## IV

Por los fundamentos que anteceden, se revoca la Sentencia del Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para que continúe con los procedimientos de forma compatible con lo aquí resuelto.

Se dictará Sentencia de conformidad.

Federico Hernández Denton
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

       v.                    CC-2006-548     Certiorari

Luis Cruz Alicea

    Recurrido

SENTENCIA

San Juan, Puerto Rico, a 26 de abril de 2007.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se revoca la Sentencia del Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para que continúe con los procedimientos de forma compatible con lo aquí resuelto.

Así lo pronuncia y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señores Rebollo López y Fuster Berlingeri concurren con el resultado sin opiniones escritas.

                             Aida Ileana Oquendo Graulau
                             Secretaria del Tribunal Supremo