EL PUEBLO DE PUERTO RICO, peticionario, *v.* EDWIN AGOSTO VÁZQUEZ, recurrido.

*Número:* O-81-414    *Resuelto:* 28 de enero de 1982

*Héctor A. Colón Cruz, Procurador General,* y *Rose Mary Corchado Lorent, Procuradora General Auxiliar,* abogados de El Pueblo; *Carmen Ana Rodríguez Maldonado,* de la División de

Apelaciones de la Sociedad para Asistencia Legal, abogada del recurrido.

PER CURIAM:    Contra John Doe, c/p Papote, se presentó denuncia por la muerte a tiros de Nelson Benítez Méndez el 20 de marzo de 1976. Se identificó a Papote por fotografías. Su nombre era Edwin Agosto Vázquez. Se averiguó que había huido de Puerto Rico.

En junio de 1979 Agosto pudo ser extraditado. Se celebró la vista preliminar y se presentaron las acusaciones correspondientes ante el Tribunal Superior, por asesinato en primer grado e infracción del Art. 8 de la Ley de Armas. Se señaló el acto de lectura de acusación para el 18 de septiembre de 1979. El acusado no compareció. Se había evadido nuevamente del país.

En 1981 fue extraditado por segunda vez. Se celebró el acto de lectura de la acusación. Comenzó el juicio en su fondo. El imputado se acogió a que los casos se ventilasen ante tribunal de derecho. Luego se percató el tribunal de que a la fecha de los hechos el acusado, ya mayor de 21 años, sólo tenía 16 años de edad. El tribunal ordenó el archivo de las acusaciones. El Procurador General acudió en alzada ante este foro. Expedimos el auto de *certiorari* solicitado.

El tribunal de instancia señaló que nunca se le sometieron las querellas a la Sala de Asuntos de Menores, por lo que ésta nunca asumió jurisdicción y nunca pudo renunciar a la misma. De este hecho dedujo que la sala ordinaria del Tribunal Superior nunca adquirió, ni podía adquirir jurisdicción sobre el menor.

Nuestro ordenamiento jurídico no requiere tan peregrino resultado, en el que se le confiere a un adulto inmunidad absoluta de que se le juzgue en tribunal alguno por la comisión de un alegado asesinato, cuando él mismo es responsable de que el caso no se sometiese a tiempo a la Sala de Asuntos de Menores.

La defensa se apoya en nuestra decisión en *Pueblo* v. *Andújar*, 80 D.P.R. 822 (1958). *Andújar* se limita a establecer que no puede procesarse o condenarse a un menor como un adulto en violación de los términos de la ley sobre menores delincuentes vigente a la fecha en que ocurrió la infracción que se le imputa. *Andújar* no trata la singular conjunción de hechos que se da en el caso de autos.

En *Pueblo* v. *Tribunal Superior*, 100 D.P.R. 80, 85 (1971), rehusamos declarar nulos los procedimientos ordinarios diseñados para adultos cuando se desconocía la minoridad del acusado. El pleito de autos presenta unos hechos de que con menos razón debe beneficiarse el acusado. Fue el propio acusado quien provocó con sus repetidas fugas el transcurso del tiempo y el aparente *impasse* surgido. El acusado pudo y debió, además, advertir al Estado que sus casos debían presentarse inicialmente ante la Sala de Asuntos de Menores. El acusado no puede beneficiarse de estos actos. Su conducta montó en derecho a una renuncia a que la Sala de Asuntos de Menores determinase si retenía o no jurisdicción sobre estos casos. Nada impide que se juzgue al acusado ante el Tribunal Superior. Véase: *State* v. *Dehler*, 102 N.W.2d 696 (1960).

*Se revocará la resolución recurrida.*