

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>        Peticionario<br><br><br>                    v.<br><br><br>Eric Villafañe Marcano<br><br>        Recurrido | Certiorari<br><br>2011 TSPR      146<br><br>183 DPR ____ |

Número del Caso:   CC        - 2008 - 314


Fecha: 5 de octubre de 2011


Tribunal de Apelaciones:

                Región Judicial de Caguas, Panel XII

Jueza Ponente:          Carmen A. Pesante Martínez


Oficina de la Procuradora General:


                Lcda. Zaira Z. Girón Anadón
                Procuradora General Auxiliar


Abogada de la Parte Recurrida:


                Lcda. Carmen Ana Rodríguez Maldonado


Materia: Art. 83 C.P. 1974 y Art. 4 L.A.


Este documento constituye un documento oficial del Tribunal Supremo   que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

        v.                  CC-2008-314      Certiorari

Eric Villafañe Marcano

    Recurrido

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

San Juan, Puerto Rico, a 5 de octubre de 2011.

> *"Nuestro ordenamiento jurídico no requiere tan peregrino resultado, en el que se le confiere a un adulto inmunidad absoluta de que se le juzgue en tribunal alguno".* <u>Pueblo v. Agosto Vázquez</u>, 112 D.P.R. 57, 58 (1982).

El presente caso nos permite pautar si bajo la Ley de Menores de Puerto Rico, *infra*, un Tribunal de Primera Instancia, Sala de Asuntos de Menores, debe tener la oportunidad de renunciar a su jurisdicción sobre una persona mayor de edad que alegadamente cometió un acto antijurídico mientras contaba con 14 años de edad, sin importar las razones para la dilación del Estado en presentar la

queja o denuncia en su contra. La contestación es en la afirmativa.

## I

Los hechos pertinentes al caso se detallan a continuación. El 10 de enero de 1997, el acusado Eric Villafañe Marcano (Villafañe Marcano o recurrido) contaba con 14 años de edad cuando alegadamente asesinó de 6 heridas punzantes a la menor Sheila M. Marcano Pastrana, de 15 años de edad. Por tales hechos, el 12 de febrero de 2004, esto es, 7 años después, el Ministerio Público presentó sendas denuncias en las que le imputó al recurrido la comisión de un asesinato en primer grado en la modalidad de muerte alevosa, deliberada y premeditada (Art. 83 del Código Penal de 1974) y portación de arma blanca (Art. 4 de la Ley de Armas de Puerto Rico). Así, el tribunal de instancia determinó causa probable para arresto por ambos delitos graves. Para ese entonces Villafañe Marcano contaba con 21 años, por lo que ya era mayor de edad.

El 22 de agosto de 2006 se determinó causa probable para acusar a Villafañe Marcano y el 20 de septiembre de 2006 el Ministerio Público formuló la acusación contra éste por los hechos señalados. El 29 de octubre de 2007 el recurrido presentó una moción de desestimación por falta de jurisdicción fundamentada en que para la fecha de los hechos contaba con 14 años de edad, por lo que

correspondía al Tribunal de Menores la potestad única para juzgarlo e imponerle una medida dispositiva. Sostuvo, además, que toda vez que él no obstruyó la investigación de las autoridades para que se esclareciera el delito, no existía razón alguna por la cual un tribunal ordinario de justicia pudiera asumir jurisdicción.[1]

Llegado el día del juicio en su fondo, Villafañe Marcano argumentó -en apoyo a su moción de desestimación- que debido a que los hechos alegadamente constitutivos de asesinato en primer grado (en su modalidad de muerte alevosa, deliberada y premeditada) se dieron cuando él tenía 14 años de edad y no 15, era la Sala de Asuntos de Menores la que en su momento tuvo jurisdicción, pues no se daba un supuesto de renuncia de jurisdicción "automática". Entonces, señaló, que el Tribunal de Menores tenía que haber asumido su jurisdicción para luego decidir si renunciaba a la misma. **No obstante, advirtió que este proceso no podía darse en vista de que el recurrido ya era mayor de 21 años.**

---

[1] En su moción, Villafañe Marcano argumentó específicamente que las autoridades conocían la fecha de los hechos, su fecha de nacimiento y, por consiguiente, tenían conocimiento de que a la fecha de los hechos, él sólo tenía 14 años de edad. Además, señaló que mientras fue menor de edad nunca se le indicó que era sospechoso ni se inició proceso alguno en su contra, por lo que señaló que la responsabilidad por la dilación para someter el caso correspondía única y exclusivamente al Estado.

En ese contexto, el recurrido indicó que no ofreció información confusa ni falsa sobre sus circunstancias personales y que nunca obstruyó ni dilató el proceso, por lo que sugirió que no se le podía imponer responsabilidad por el hecho de que no se había presentado un caso en su contra en la Sala de Asuntos de Menores. Así, pues, Villafañe Marcano solicitó al tribunal de instancia que desestimara las acusaciones por alegada falta de jurisdicción. Véase Apéndice de la Petición de *certiorari*, págs. 5-6.

En esa primera etapa, el Ministerio Público se opuso a la moción de Villafañe Marcano aduciendo que, pasados unos días de la fecha de los hechos, éste se había fugado y había abandonado la jurisdicción de Puerto Rico, desconociéndose su paradero o su dirección hasta que finalmente en agosto de 2005 se logró su extradición desde el estado de New Jersey. En ese contexto, el Ministerio Público señaló que el abandono de la jurisdicción de Puerto Rico por parte del recurrido obstruyó y dilató la investigación y que esa actuación representó una renuncia implícita a que el foro de justicia juvenil dirimiera el caso, esto según Pueblo v. Cruz Alicea, 170 D.P.R. 837 (2007) y Pueblo v. Agosto Vázquez, 112 D.P.R. 57 (1982).

El tribunal de instancia declaró no ha lugar la moción de desestimación fundamentando su determinación en que el ordenamiento jurídico no establece un término límite para que el Estado culmine sus investigaciones criminales. Asimismo, distinguió el presente caso de un precedente en el cual el Estado se "cruzó de brazos" y días antes de que prescribiera el delito imputado entonces el Ministerio Público presentó la denuncia. En ese caso, aseguró el foro de instancia, procedía que se diera paso a la defensa de estado de indefensión. Además, el tribunal de instancia señaló que era evidente que a Villafañe Marcano no se le había presentado proceso alguno ante la Sala de Asuntos de Menores porque inicialmente no era considerado un sospechoso. Añadió que debido a que en un

momento u otro Villafañe Marcano salió de Puerto Rico, ello impidió en gran medida que el Estado culminara su proceso investigativo, pues a la fecha en que culminó la investigación y el Estado se movió a presentar las denuncias, no encontraron al recurrido en Puerto Rico.

Por último, la ilustrada sala de instancia señaló que el ordenamiento exige que los tribunales tengan jurisdicción sobre la materia y sobre la persona, pero que esto no puede derrotar el fin último que debe guiar todo proceso judicial: que el acusado, a quien se le presume inocente, pueda enfrentar el proceso judicial y el Estado cumpla con demostrar si cometió o no los delitos que se le imputan. Finalmente, el foro de instancia determinó que tenía jurisdicción para procesar a Villafañe Marcano como adulto y se negó a desestimar las acusaciones contra éste.

Inconforme, el recurrido acudió al Tribunal de Apelaciones mediante recurso de *certiorari*, en el cual argumentó básicamente lo mismo que había planteado ante el tribunal de instancia. Por otro lado, y contrario a lo que el Ministerio Público había argumentado ante el foro de instancia, el Procurador General adujo en su alegato que, luego de reexaminar el expediente del caso, estaba convencido de que no se satisfacían los criterios de los casos Pueblo v. Cruz Alicea*, supra*, y Pueblo v. Agosto Vázquez*, supra*. Aclaró que Villafañe Marcano no estuvo sujeto a responder por los delitos que ahora enfrenta acusación sino hasta febrero de 2004. Asimismo, el

Procurador General concluyó que no existía impedimento legal para que el recurrido abandonara la jurisdicción de Puerto Rico y, además, aseguró que carecía de prueba contundente que apuntara a que Villafañe Marcano hubiera impedido el curso de la investigación criminal.

Además, el Procurador General adujo que había sido un error presentar el caso ante el tribunal ordinario de justicia una vez culminó la investigación, pero que ese error procesal no impedía que el asunto fuera remitido a la Sala de Asuntos de Menores para que se evaluara **si bajo los criterios de la legislación aplicable y de las circunstancias del recurrido, ese foro hubiera renunciado a su jurisdicción para que entonces se encausara a Villafañe Marcano bajo el sistema de justicia criminal ordinario (de adultos).**

Atendidos los escritos de ambas partes, el Tribunal de Apelaciones revocó la determinación del tribunal de instancia y desestimó las acusaciones contra Villafañe Marcano. En su sentencia, ese foro apelativo señaló que el "TPI debió declararse sin jurisdicción para ventilar el caso criminal que se inició contra el peticionario". En específico, el Tribunal de Apelaciones indicó lo siguiente:

> Los hechos delictivos por los que enfrenta acusación el peticionario se suscitaron cuando tenía 14 años. El Estado tenía conocimiento de ese hecho y el peticionario no proveyó información falsa que llevara al Estado a desconocer de su minoridad. Además, el Estado

reconoce ahora, contrario a la teoría que presentó originalmente ante el TPI, que el peticionario no llevó a cabo actos que resultaran en un impedimento para la investigación. Esto es, indicó que el peticionario no era sospechoso y podía libremente salir de la jurisdicción de Puerto Rico —como de hecho lo hizo. De lo anterior, se infiere razonablemente que el Estado se allana a una determinación de que el peticionario no renunció implícitamente a que la Sala de Asuntos de Menores asumiera jurisdicción de su caso. De haberse dado lo contrario, entonces hubiera procedido avalar la actuación del TPI en cuanto a procesar al peticionario como adulto, sin mayor análisis o contemplación. (Énfasis omitido.)[2]

Además, el Tribunal de Apelaciones planteó que el recurrido "pudo haberse beneficiado del enfoque ecléctico o fin rehabilitador que se profesa que promueve la Ley de Menores…",[3] concluyendo que no pudo hacerlo debido a la dilación de 7 años del Ministerio Público en presentar los cargos.

Por último, en la conclusión de su sentencia, el Tribunal de Apelaciones expone una serie de interrogantes o inquietudes que ciertamente son legítimas y que, mediante el resultado al que llegamos hoy, se atienden en esta Opinión. Específicamente, el Tribunal de Apelaciones plantea lo siguiente:

Hay precedente jurisprudencial claramente establecido que atiende los supuestos en que corresponde procesar como adulto, al imputado o acusado de delito, cuando éste es responsable de que el caso

---

[2] Apéndice de la Petición de *certiorari*, pág. 80.

[3] Apéndice de la Petición de *certiorari*, pág. 80.

no se sometiera a tiempo ante la Sala de Asuntos de Menores. No obstante, nada se ha indicado para aclarar cómo se debe atender el supuesto en que se inicia el proceso judicial criminal, como adulto, contra una persona que alegadamente cometió los hechos delictivos cuando era menor de edad. Máxime, cuando el propio Estado reconoce que el imputado o el acusado no es responsable por la dilación en el proceso. Tampoco se ha señalado si el Estado tiene que justificar la dilación que, en última instancia, le impide al imputado o acusado beneficiarse de las disposiciones de la legislación especial creada para los ofensores menores de edad.

**Mucho menos se ha comentado si lo que procede en esos casos es devolver el caso a la Sala de Menores para que determine si tiene o no jurisdicción y autoridad para lidiar con el caso; o si este curso de acción debe rechazarse por resultar en un ejercicio en futilidad, en vista de que el imputado o acusado ya llegó a la mayoría de edad, lo cual, en principio, impide que la Sala de Asuntos de Menores pueda asumir jurisdicción sobre el caso o pueda ejercer su autoridad sobre el ofensor. Más aún, no se han aclarado las implicaciones que pueda tener un supuesto como el de autos con el debido proceso de ley de un imputado o acusado de delito; o si hay espacio, para plantear y oponer contra el estado, la defensa de estado de indefensión, principalmente, en casos como el presente en que subyace una imputación o una acusación por un delito que no prescribe.** (Énfasis suplido.)[4]

Inconforme con la decisión del Tribunal de Apelaciones, el Procurador General acude ante nuestra consideración mediante un recurso de *certiorari*, el cual expedimos, y nos señala la comisión de los siguientes dos errores por parte del Tribunal de Apelaciones:

---

[4] Apéndice de la Petición de *certiorari*, págs. 82-83.

**Erró el Honorable Tribunal de Apelaciones al determinar que el Tribunal de Menores no estaba en posición para evaluar los méritos de una renuncia de jurisdicción.**

**Erró el Honorable Tribunal de Apelaciones al decretar que el Ministerio Público había incurrido en incuria, al concluir que se había manipulado o burlado los debidos procesos, sin que se hubiera desfilado prueba a estos efectos ante el tribunal de primera instancia.**

Con el beneficio de los escritos de ambas partes, resolvemos.

## II

A. La jurisdicción del Tribunal de Menores y su autoridad

Como señalamos recientemente, mediante la Ley de Menores de Puerto Rico (Ley de Menores),[5] la Legislatura "diseñó un sistema de justicia especial para menores".[6] Entonces, no es de extrañar que para ese procedimiento especial el legislador estableciera, a su vez, una jurisdicción especial que delimite específica y estrictamente el ámbito de acción del Tribunal de Primera Instancia, Sala de Asuntos de Menores, creado por la propia ley.

El Art. 4 de la Ley de Menores, 34 L.P.R.A. sec. 2204, es el único que dispone sobre cuál ha de ser la jurisdicción del Tribunal de Menores. El texto de dicho artículo señala lo siguiente:

---

[5] Ley Núm. 88 de 9 de julio de 1986, según enmendada, 34 L.P.R.A. sec. 2201 *et seq*.

[6] Pueblo en interés menores C.L.R. y A.V.L.,178 D.P.R. 315, 341 (2010).

## § 2204. Jurisdicción del tribunal

(1) El tribunal tendrá autoridad para conocer de:

(a) Todo caso en que se impute a un menor conducta que constituya falta, incurrida antes de éste haber cumplido dieciocho (18) años de edad. Dicha autoridad estará sujeta al período prescriptivo dispuesto en las leyes penales para la conducta imputada.

(b) Cualquier asunto relacionado con menores, según dispuesto mediante ley especial, confiriéndole facultad para entender en dicho asunto.

(2) El tribunal no tendrá autoridad para conocer de:

(a) Todo caso en que se impute a un menor que hubiere cumplido quince (15) años de edad la comisión de hechos constitutivos de asesinato en primer grado mediante deliberación y premeditación.

(b) Todo caso en que se impute a un menor que hubiere cumplido quince (15) años de edad hechos constitutivos de delito que surjan de la misma transacción o evento constitutivo de asesinato en primer grado mediante deliberación y premeditación.

(c) Todo caso en que se impute a un menor que hubiere cumplido quince (15) años de edad hechos constitutivos de delito cuando se le hubiese adjudicado previamente un asesinato como adulto.

(3) En todos los casos contemplados en las cláusulas (a), (b) y (c) del inciso (2) de esta sección, el menor será procesado como un adulto.

(4) La Sala de lo Criminal del Tribunal General de Justicia conservará jurisdicción sobre el menor aun cuando haga alegación de culpabilidad o medie convicción por un delito distinto al asesinato. Igualmente, conservará jurisdicción cuando el Tribunal de Primera Instancia, Sala de Menores, hubiere renunciado a la jurisdicción del menor y en el procedimiento ordinario como adulto al menor se le archivaran los cargos o se le encontrara no culpable.

(5) Cuando un magistrado determine la existencia de causa probable por un delito distinto al asesinato, éste y cualquier otro delito que surgiere de la misma transacción se trasladará al tribunal que ejerza su autoridad bajo las disposiciones de este capítulo y éste retendrá y

conservará jurisdicción, según se dispone en la sec. 2205 de este título.

El mencionado artículo establece que el Tribunal de Menores podrá ejercer jurisdicción sobre todo acto antijurídico alegadamente cometido por una persona menor de 18 años de edad, sujeto, claro está, al período prescriptivo dispuesto en las leyes penales para ese acto antijurídico. En ese primer contexto ya hemos establecido que para determinar la jurisdicción especial del Tribunal de Primera Instancia, Sala de Asuntos de Menores, lo determinante es la edad de la persona al momento en que alegadamente cometió los hechos.[7] Además, ese tribunal ostentará la jurisdicción que le confiera alguna ley especial sobre cualquier asunto relacionado con menores.

El Art. 4 de la Ley de Menores, *supra*, también establece unas instancias en las que de plano el Tribunal de Menores no tendrá jurisdicción: en primer lugar, cuando el delito que se impute sea asesinato en primer grado mediante deliberación y premeditación, y el menor tuviera cumplidos los 15 años de edad. Segundo, cuando a un menor que tenga 15 años o más se le acuse de algún delito que surja de la misma transacción o evento constitutivo de asesinato en primer grado mediante deliberación y premeditación. En tercer lugar, el Tribunal de Menores no tendrá jurisdicción cuando se le impute a un menor que

---

[7] Pueblo v. Cruz Alicea, 170 D.P.R. 837 (2007); Pueblo v. Suárez, 167 D.P.R. 850 (2006); Pueblo en interés menor A.A.O., 138 D.P.R. 160 (1995).

hubiere cumplido 15 años de edad la comisión de un delito, si a ese menor "se le hubiese adjudicado previamente un asesinato como adulto".[8]

Por otro lado, el Art. 5 de la Ley de Menores, 34 L.P.R.A. sec. 2205, establece la duración de lo que el legislador ha llamado la "autoridad" del Tribunal de Menores. El texto de ese artículo lee de la siguiente manera:

**§ 2205. Duración de la autoridad del tribunal**

El tribunal conservará su autoridad sobre todo menor sujeto a las disposiciones de este capítulo hasta que cumpla la edad de veintiún (21) años, a menos que mediante orden al efecto dé por terminada la misma.

En todos los casos en que un menor, estando aún bajo la autoridad del tribunal, sea procesado y convicto como adulto, el tribunal (Sala Asuntos de Menores) perderá automáticamente su autoridad sobre dicho menor. En estos casos, si al momento de ser acusado como adulto, el menor no presta la fianza que le fuere impuesta, éste deberá permanecer internado en una institución de la Administración de Instituciones Juveniles hasta tanto sea convicto como adulto. Una vez sea convicto como adulto cesará la autoridad de la Administración de Instituciones Juveniles sobre dicho menor y el mismo será puesto inmediatamente bajo la autoridad del Tribunal General de Justicia. El tribunal tomará las providencias necesarias para asegurarse de que el convicto quede bajo custodia de la Administración.

Esta disposición plantea expresamente que el Tribunal de Menores "conservará su autoridad sobre todo menor sujeto a las disposiciones de este capítulo hasta

---

[8] Art. 4(2)(c), 34 L.P.R.A. sec. 2204(2)(c).

que cumpla la edad de veintiún (21) años, a menos que mediante orden al efecto dé por terminada la misma".[9]

Ahora bien, a pesar de que estos dos artículos -Arts. 4 y 5 de la Ley de Menores- son laxos al establecer una diferencia en la utilización de los conceptos "jurisdicción" y "autoridad", ciertamente existe una diferencia entre ambos. Entonces, en el marco del tema jurisdiccional y en específico ante la tarea de enfatizar esa diferencia enmarcándola en el resultado que produce, conviene considerar tres casos en los que, desde la creación de la actual Ley de Menores y sus enmiendas, hemos establecido pautas sobre el asunto.

1. Pueblo en interés menor A.A.O. (1995):

El primer caso que es necesario considerar es Pueblo en interés menor A.A.O., 138 D.P.R. 160 (1995). En dicho caso establecimos que "… una vez un menor es procesado y convicto como adulto por un delito cometido antes de su mayoría de edad, el Tribunal de Menores no tendrá jurisdicción, si posteriormente este joven es encausado por conducta constitutiva de delito cometida antes de los 18 años".[10] Los hechos pertinentes en Pueblo en interés menor A.A.O., *supra*, son los que se incluyen a continuación: por hechos ocurridos cuando tenía 17 años de

---

[9] Art. 5 de la Ley de Menores, 34 L.P.R.A. sec. 2205.

[10] D. Nevares-Muñiz, Derecho de menores, 5ta ed., Hato Rey, Inst. Desarrollo del Derecho, Inc., 2005, pág. 26. Véanse, también: Pueblo en interés menor A.A.O., *supra*, págs. 172-173; Pueblo v. Figueroa González, 95 D.P.R. 98, 106 (1967).

edad, se presentaron denuncias contra el menor A.A.O. por asesinato, robo y violaciones a la Ley de Armas, esto en el Tribunal Superior, Sala de lo Criminal. Con relación a esos hechos, el menor A.A.O. hizo alegación de culpabilidad.[11] Una semana después de haber hecho tal alegación, el Procurador de Menores le solicitó al Tribunal de Menores que cesara su autoridad sobre el convicto en cuanto a una medida dispositiva que había impuesto con relación a unas faltas de alteración a la paz y amenaza por las cuales el menor había sido encontrado incurso previamente. Así, la Sala de Asuntos de Menores ordenó el cierre y el archivo del expediente correspondiente al menor.

Posteriormente, por otros hechos cometidos incluso una semana antes de los hechos por los cuales había aceptado culpabilidad como adulto, el convicto A.A.O. fue acusado nuevamente en el Tribunal Superior, Sala de lo Criminal, por los delitos de tentativa de asesinato, robo y violaciones a la Ley de Armas. Sin embargo, en ese momento la Sala de lo Criminal determinó que no tenía jurisdicción porque al acusado se le imputaban faltas cometidas cuando era menor, por lo que desestimó las acusaciones y ordenó el traslado del expediente al Tribunal de Menores. Una vez recibió el expediente, la Sala de Asuntos de Menores se declaró sin jurisdicción y

---

[11] En ese momento ya el menor había sido encontrado incurso y se le había impuesto una medida dispositiva por faltas de alteración a la paz y amenaza, conforme al sistema de justicia para menores, ello en el Tribunal de Primera Instancia, Sala de Asuntos de Menores.

fundamentó su decisión básicamente en que ya había terminado su autoridad sobre el menor, pues éste ya había sido convicto como adulto, de conformidad con el Art. 5 de la Ley de Menores de Puerto Rico, 34 L.P.R.A. sec. 2205. Finalmente, y como adelantamos, tal determinación fue confirmada por esta Curia.

Ahora bien, lo que realmente es pertinente al caso que nos ocupa es que en Pueblo en interés menor A.A.O., *supra*, también establecimos -por primera vez con meridiana claridad- la realidad de que **el concepto "jurisdicción" al que se refiere el Art. 4 de la Ley de Menores, *supra*, y el concepto "autoridad" del Art. 5 de dicha ley, aunque íntimamente relacionados, no son análogos.** En ese caso, reiterado posteriormente en Pueblo v. Suárez, 167 D.P.R. 850, 858 (2006), también definimos el concepto "jurisdicción" utilizado en el Art. 4 de la Ley de Menores, *supra*, señalando que éste se refiere a la "facultad especial de la Sala de Asuntos de Menores para entender en procesos contra éstos y se relaciona 'con la cuestión de si el menor debe ser encausado dentro del sistema de justicia juvenil o en el sistema de justicia criminal'".[12] Dicho de otro modo, "la jurisdicción es determinante al decidir quién debe ser encausado como menor o, por el contrario, como adulto".[13]

---

[12] Pueblo v. Suárez, 167 D.P.R. 850, 858 (2006) citando a Pueblo en interés menor A.A.O., 138 D.P.R. 160, 172 (1995).

[13] Íd.

Finalmente, y muy pertinente a la controversia que nos ocupa, en Pueblo en interés menor A.A.O, *supra*, señalamos que los conceptos "jurisdicción" y "autoridad"

> se refieren a etapas distintas del proceso: la jurisdicción determina quién debe ser encausado dentro del sistema de justicia juvenil y la autoridad define el tipo y la duración de la medida impuesta una vez se determine que éste se encuentra incurso en falta.[14]

## 2. Pueblo v. Suárez (2006)

El caso Pueblo v. Suárez, 167 D.P.R. 850 (2006), es extremadamente importante con relación a la polémica que nos ocupa. En ese caso la Procuradora de Menores presentó una queja en el Tribunal de Menores contra el Sr. Wilfredo Suárez Alers, de 22 años de edad, por hechos ocurridos cuando éste sólo tenía 13 años.[15] Una vez se celebraron las vistas correspondientes y fue presentada la querella contra el señor Suárez Alers, la Procuradora de Menores solicitó la renuncia de la jurisdicción, a tenor con el Art. 15 de la Ley de Menores.[16]

El tribunal de instancia declaró con lugar la solicitud de renuncia de jurisdicción al resolver que, aunque tenía jurisdicción sobre el señor Suárez Alers debido a que los hechos fueron cometidos mientras éste era

---

[14] Pueblo en interés menor A.A.O., *supra*, pág. 173.

[15] En la queja se le imputó al señor Suárez Alers haber incurrido, alegadamente, en el delito de actos lascivos o impúdicos contra el menor M.B.E., de 7 años de edad.

[16] 34 L.P.R.A. sec. 2215.

menor, no tenía autoridad para juzgarlo e imponer medidas dispositivas, ya que al momento de ser procesado éste había advenido a su mayoría de edad. El Tribunal de Menores renunció a su jurisdicción sobre el señor Suárez Alers y remitió el expediente a la Sala de lo Criminal para que fuese juzgado como adulto, en donde finalmente fue acusado por el delito de actos lascivos.

Entonces, los cargos fueron presentados ante la Sala de lo Criminal, en donde Suárez Alers, a su vez, presentó una moción de desestimación basada en que la "dilación del Estado" en presentar la denuncia en su contra lo colocaba en estado de indefensión.[17] El Ministerio Público, por su parte, se opuso aduciendo que el Estado no había sido negligente ni había procedido con incuria, ya que la dilación no le era atribuible.[18] Luego de una vista evidenciaria para evaluar la solicitud de desestimación, la Sala de lo Criminal desestimó el pliego acusatorio al concluir que el acusado se encontraba en estado de indefensión.[19]

---

[17] En su moción de desestimación, el señor Suárez Alers argumentó que, luego de transcurrir nueve años desde la ocurrencia de los hechos hasta la presentación de los cargos, le era imposible recordar dónde se encontraba ese día, lo que impedía que pudiera traer evidencia a su favor y ello constituía una clara violación al debido proceso de ley.

[18] El Ministerio Público señaló que actuó con diligencia una vez le fue notificada la querella presentada contra el señor Suárez Alers, procurando la correspondiente acción ante el Tribunal Superior, Sala de Asuntos de Menores. Además, indicó que el retraso no había causado perjuicio significativo a la defensa del acusado.

[19] El foro de instancia entendió que luego de transcurrir nueve años entre la ocurrencia del alegado incidente y la fecha en que el señor Suárez Alers fue acusado, el derecho de éste a preparar una defensa adecuada se había vulnerado severamente. Ello, a su vez, incidía sobre el derecho del señor Suárez Alers a un juicio justo e imparcial.

El Ministerio Público recurrió de tal decisión y el Tribunal de Apelaciones revocó al determinar que la dilación en la presentación de la acusación no era atribuible al Estado.[20] Entonces, el señor Suárez Alers recurrió ante esta Curia y revocamos la sentencia del Tribunal de Apelaciones bajo el fundamento de que había errado el Tribunal de Menores al renunciar a su jurisdicción. Al así hacerlo, señalamos que una lectura del Art. 15 de la Ley de Menores, *supra*, nos muestra claramente que el Tribunal de Menores sólo podrá conceder la renuncia de jurisdicción en aquellos casos que el menor involucrado sea mayor de 14 años de edad.[21] En ese sentido

---

[20] El Tribunal de Apelaciones concluyó que la dilación en la presentación de la acusación no era atribuible al Estado, ya que fue el padre del menor quien, a pesar de tener conocimiento de lo ocurrido, no presentó querella alguna en ese momento. Dicho foro apelativo indicó que el Estado actuó diligentemente, pues una vez supo lo ocurrido entonces inició rápidamente el trámite correspondiente ante el Tribunal Superior, Sala de Asuntos de Menores. También señaló que aun analizando la alegación genérica del acusado de que la dilación en el procedimiento le impedía preparar adecuadamente su defensa, ésta era insuficiente para configurar "el perjuicio específico y concreto que requiere la doctrina sobre el estado de indefensión". Por lo tanto, el Tribunal de Apelaciones concluyó que la alegación de perjuicio fue abstracta y general, por lo cual resultaba improcedente.

[21] En lo pertinente, el Art. 15 de la Ley de Menores, *supra*, dispone lo siguiente:

**§ 2215. Renuncia de jurisdicción**

(a) *Solicitud por Procurador.—* El tribunal, a solicitud del Procurador, podrá renunciar la jurisdicción sobre un menor que sea mayor de catorce (14) años y menor de dieciocho (18) años, a quien se le impute la comisión de cualquier falta Clase II o III. El Procurador deberá efectuar dicha solicitud mediante moción fundamentada cuando considere que entender en el caso bajo las disposiciones de este capítulo no responderá a los mejores intereses del menor y de la comunidad.

señalamos que el Tribunal de Menores "aun cuando podía asumir jurisdicción en la queja... por ser [Suárez Alers] menor de edad al momento de los hechos, no podía bajo ningún supuesto renunciar a su jurisdicción y referir el asunto a la Sala de lo Criminal del Tribunal Superior".[22]

En primer lugar, y como vemos, en Pueblo v. Suárez, *supra*, a pesar de que el fundamento para las decisiones de los foros apelados se basó exclusivamente en la concurrencia de los elementos de la defensa de "estado de indefensión", este Foro correctamente atendió primero el aspecto jurisdiccional, archivando el pliego acusatorio y ordenando el sobreseimiento de la causa de acción contra el señor Suárez Alers.[23]

Más pertinente aún, en Pueblo v. Suárez, *supra*, un caso que como el de autos giraba en torno a la dilación por parte del Estado en presentar la denuncia contra el acusado, adelantamos lo que sería nuestra posición ante la controversia que nos ocupa, pues en el escolio número 4 señalamos lo siguiente:

> Debe quedar claro, sin embargo, que si Suárez Alers hubiese sido mayor de catorce años cuando ocurrieron los hechos que se le imputaron, **nada impedía que la Sala de Asuntos de Menores asumiera jurisdicción y que, luego**

---

[22] Pueblo v. Suárez, *supra*, págs. 861-862.

[23] Además del aspecto jurisdiccional, el señor Suárez Alers no podía ser procesado por nuestro sistema de justicia criminal porque al momento de los hechos contaba con sólo 13 años de edad, lo que lo hacía inimputable por razón de minoridad. Art. 29 del Código Penal de 1974, 33 L.P.R.A. sec. 3151. La misma situación se suscitaría bajo el Código Penal vigente (Art. 38 del Código Penal de 2004, 33 L.P.R.A. sec. 4666).

**de la vista correspondiente, determinar[a] si procedía o no renunciar a su jurisdicción.** (Énfasis suplido.)[24]

Incluso, la opinión disidente del Juez Asociado señor Rebollo López, a la que se unió el Juez Asociado señor Rivera Pérez, señala lo siguiente:

> Debe mantenerse presente que si a la fecha de la alegada comisión de los hechos el peticionario Suárez Alers era, en efecto, mayor de catorce años, la *renuncia de jurisdicción* que llevara a efecto la Sala Superior de Asuntos de Menores *es válida en derecho.* Si ello es así, la Sala Superior de lo Criminal... *tendría jurisdicción para juzgar, como adulto, al peticionario Suárez Alers por el delito de actos lascivos o impúdicos.* (Énfasis en el original.)[25]

De manera que, con relación a este punto, en Pueblo v. Suárez, *supra*, esta Curia se expresó en forma unánime.

Por otro lado y respecto al concepto "autoridad" del Art. 5 de la Ley de Menores, 34 L.P.R.A. sec. 2205, en Pueblo v. Suárez, *supra*, pág. 859 esc. 1, citando nuevamente a Pueblo en interés menor A.A.O, 138 D.P.R. 160 (1995), señalamos que "[e]l concepto "autoridad" utilizado en el estatuto [Art. 15 de la Ley de Menores] se refiere a la supervisión, detención o custodia del menor que asume el Estado como *parens patriae*, mientras a éste se le encausa y luego de que se ha determinado que está incurso

---

[24] Pueblo v. Suárez, *supra*, pág. 862 esc. 4.

[25] Pueblo v. Suárez, *supra*, pág. 870. El disenso de estos Jueces Asociados respondió única y exclusivamente a que entendían que del expediente del caso surgían dudas con relación a cuál era realmente la edad del señor Suárez Alers al momento de los hechos, por lo que se oponían al sobreseimiento de la causa penal por minoridad.

en la comisión de una falta".[26] Asimismo, concluimos que este concepto "se refiere al tipo y a la duración de la medida impuesta una vez se determine que el menor se encuentra incurso en una falta".[27]  Por lo tanto, el concepto "autoridad" del Art. 5 de la Ley de Menores, *supra*, no se refiere el aspecto jurisdiccional del Tribunal de Menores, sino al término para la implementación del tipo y duración de la medida dispositiva.

## 3. Pueblo v. Cruz Alicea (2007)

El tercer y último de los casos que es menester discutir es Pueblo v. Cruz Alicea, 170 D.P.R. 837 (2007). En dicho caso atendimos una controversia similar a la planteada en Pueblo v. Suárez, *supra*, y a la del presente caso.  En particular, la Sala de Asuntos de Menores se declaró sin jurisdicción sobre el Sr. Luis Cruz Alicea por éste haber cumplido la mayoría de edad sin que el caso se hubiera sometido a tiempo ante la Sala de Asuntos de Menores.  Ahora bien, en Pueblo v. Cruz Alicea, *supra*, el Procurador General logró probar que el caso no pudo ser presentado oportunamente ante la Sala de Asuntos de Menores porque el acusado se había fugado de la jurisdicción y cuando finalmente fue localizado por las autoridades, ya había cumplido la mayoría de edad. Los hechos pertinentes son los siguientes: el señor Cruz

---

[26] Véase Pueblo en interés menor A.A.O., *supra*, pág. 172.

[27] Íd., pág. 173.

Alicea hizo alegación de culpabilidad por posesión de sustancias controladas ante la Sala de Asuntos de Menores, por lo que el tribunal de instancia le concedió la libertad a prueba bajo la custodia de su madre. No obstante, pasado un tiempo el foro de instancia ordenó su ingreso a un Hogar CREA para recibir tratamiento terapéutico. Sin embargo, el señor Cruz Alicea no acudió a dicho centro terapéutico, por lo que el tribunal de instancia emitió una orden de detención en su contra, revocó la libertad a prueba en su ausencia y entregó la custodia a la Administración de Instituciones Juveniles.

En las vistas de seguimiento de la orden de detención, la madre del señor Cruz Alicea informó inicialmente que su hijo se encontraba en Hartford, Connecticut, pero luego alegó que desconocía su paradero. Posteriormente, en agosto de 1999 y estando vigente la orden de detención en su contra, éste fue detenido por agentes de la Policía por alegada posesión de sustancias controladas, esta vez, con la intención de distribuir. En ese momento el señor Cruz Alicea no dijo la verdad en cuanto a su nombre y número de seguro social, pero su fecha de nacimiento resultó ser correcta. Fue conducido ante un magistrado, se le encontró causa probable para arresto y fue ingresado en una institución carcelaria para adultos, de donde luego salió al prestar la fianza.

Sin embargo, nuevamente el señor Cruz Alicea no compareció al tribunal de instancia, esta vez a la vista preliminar, por lo que se determinó causa probable en

ausencia y se ordenó su arresto. Tanto en esa ocasión como en el acto de lectura de acusación, la madre del señor Cruz Alicea informó que no conocía el paradero de su hijo. Luego de la incomparecencia de éste a varios señalamientos, finalmente se ordenó la confiscación de la fianza y el archivo administrativo del caso, declarándolo prófugo de la justicia.

No fue sino hasta el 2005 (transcurridos 6 años) cuando, después de haber sido extraditado desde el estado de Connecticut, el señor Cruz Alicea finalmente compareció al acto de lectura de acusación. Comenzado el juicio, la defensa del señor Cruz Alicea planteó que al momento de cometer los hechos éste era menor de edad, por lo que el tribunal carecía de jurisdicción para procesarlo como adulto. Ante ese planteamiento, el foro de instancia se declaró sin jurisdicción y remitió el expediente a la Sala de Asuntos de Menores, la cual, determinó que carecía de autoridad para atender el caso en vista de que el señor Cruz Alicea había cumplido la mayoría de edad.[28]

Inconforme, el Procurador General acudió ante el Tribunal de Apelaciones y alegó, entre otras cosas, que al

---

[28] A su vez, el Tribunal de Menores estableció que los agentes del orden público habían sido negligentes al no corroborar la edad del imputado y, por ende, al encausarlo como adulto. Por lo tanto, concluyó que el Estado fue responsable de que la querella no se presentara a tiempo ante su consideración y entendió que el debido proceso de ley le impedía remitir el caso para que se le procesara como adulto. En vista de ello, el Tribunal de Menores ordenó el archivo del caso. Cabe señalar que en el caso criminal anterior también se archivaron los cargos contra el señor Cruz Alicea por éste haber cumplido 21 años de edad.

fugarse de la jurisdicción el señor Cruz Alicea fue el responsable de que su caso no se remitiera a tiempo al Tribunal de Menores y que, por lo tanto, correspondía procesarlo como adulto. No obstante, dicho foro apelativo denegó la expedición del auto solicitado, por lo que el Procurador General recurrió ante esta Curia.

Atendido el asunto, en aquella ocasión resolvimos revocar la decisión del Tribunal de Apelaciones, determinando, en primer lugar, que "[l]a propia legislación sobre menores, así como su jurisprudencia interpretativa, presentan la posibilidad de que un menor sea encau[s]ado a través del procedimiento ordinario cuando no se conoce su minoridad".[29] Sin embargo, "una vez se conoce la minoridad del imputado, corresponde trasladar el caso a la Sala de Asuntos de Menores".[30]

Finalmente, según lo resuelto en Pueblo v. Agosto Vázquez, 112 D.P.R. 57 (1982), establecimos que cuando el propio acusado es el responsable de que su caso no se someta a tiempo ante la Sala de Asuntos de Menores, éste debe ser procesado como adulto, pues se entiende que con su actuación ha **renunciado implícitamente** a que la Sala de Asuntos de Menores determine si retiene jurisdicción sobre el caso. Por lo tanto, en Pueblo v. Cruz Alicea, supra, reiteramos la norma establecida en Pueblo v. Agosto Vázquez, supra, en el sentido de que las actuaciones de un

---

[29] Pueblo v. Cruz Alicea, 170 D.P.R. 837, 845 (2007).

[30] Íd., pág. 844.

acusado al dilatar u obstruir la presentación de la denuncia ante el Tribunal de Menores pueden constituir una renuncia implícita a la jurisdicción de ese foro.

4. El estado de indefensión

Como señalamos, en el caso de autos la Procuradora General nos plantea como segundo error el hecho de que el Tribunal de Apelaciones determinara que el Ministerio Público había procedido con incuria. Ante ese planteamiento, conviene adentrarnos brevemente en los requisitos de la defensa de "estado de indefensión", defensa que se plantea ante la alegada incuria del Estado.

Una vez se identifica la existencia de un interés individual de libertad que está siendo amenazado por una intervención del Estado, se activa la protección que ofrece la cláusula constitucional del debido proceso de ley,[31] en su vertiente procesal.[32] Uno de los componentes básicos de ese debido proceso de ley procesal es el derecho que asiste al ciudadano a poder preparar su defensa.[33]

La dilación injustificada del Estado en presentar los cargos contra un ciudadano puede colocarlo en un "estado de indefensión" que, de probarse, conlleva la desestimación o sobreseimiento de la causa penal. Esto ocurre cuando el tiempo transcurrido impide que la persona

---

[31] Art. II, Sec. 7, Const. E.L.A., L.P.R.A., Tomo 1.

[32] Pueblo v. Esquilín Maldonado, 152 D.P.R. 257, 262 (2000).

[33] Íd.

a ser encausada pueda identificar y recopilar prueba que podría considerarse en su beneficio o exculpatoria. Por ejemplo, en ocasiones el tiempo transcurrido pudiera hacer difícil que la persona recuerde en dónde o con quién, si alguien, se encontraba el día de los alegados hechos, esto, en perjuicio de una posible defensa de coartada.

Ahora bien, "[e]l lapso de tiempo sujeto al escrutinio de razonabilidad estará sujeto a la regla de la totalidad, para lo que dependerá de la determinación judicial de si hubo o no un estado de indefensión para el eventual imputado".[34] Asimismo, "[l]a existencia de perjuicio por la dilación del Estado es generalmente necesaria pero no suficiente en sí para sostener una alegación de violación al debido proceso de ley".[35] En resumen, la violación al debido proceso de ley que enmarca esta defensa requiere que la persona demuestre, primero, que la dilación en la presentación de los cargos en su contra le causó un estado de indefensión y, segundo, "que la razón que tuvo el Estado para tal dilación no está razonablemente justificada más allá de la liberalidad con que se debe analizar el proceso investigativo".[36]

---

[34] O.E. Resumil, Derecho Procesal Penal: Limitaciones constitucionales al ejercicio del ius puniendi, 71 Rev. Jur. U.P.R. 547, 552 (2002).

[35] Pueblo v. Esquilín Maldonado, supra, pág. 263. Véase, además, United States v. Lovasco, 431 U.S. 783, 790 (1976).

[36] Pueblo v. Esquilín Maldonado, supra, pág. 263.

### III

En el presente caso el foro apelativo intermedio determinó, en primer término, que la Sala de lo Criminal no tenía jurisdicción para atender la causa presentada contra el recurrido Villafañe Marcano porque éste era menor de edad al momento de los hechos que se le imputan. Tal determinación fue correcta, pues correspondía que el tribunal con jurisdicción, esto es, la Sala de Asuntos de Menores, renunciara primero a su jurisdicción.[37] Nos explicamos.

Con relación a los Arts. 4 y 5 de la Ley de Menores, *supra*, del análisis de ambos estatutos así como de nuestra normativa jurisprudencial previa nos conduce a la conclusión de que **es el Art. 4 de la mencionada ley el único que establece los parámetros de la jurisdicción del Tribunal de Menores.** Mientras, el Art. 5 enmarca no el aspecto jurisdiccional del Tribunal de Menores, sino el término para la implementación del tipo y duración de la medida dispositiva que se ha de imponer. Además, nada encontramos en la letra de la Ley ni en su historial legislativo que nos persuada a pensar que el hecho de que el Art. 5 de la Ley de Menores, *supra*, disponga que la Sala de Asuntos de Menores pierde su autoridad sobre una persona por haber alcanzado los 21 años de edad, implica que ha perdido a su vez jurisdicción sobre ésta.

---

[37] Eso, claro está, mediante el procedimiento que establece el Art. 15 de la Ley de Menores, *supra*.

**De manera que para que pueda iniciarse un proceso criminal en una sala de adultos contra cualquier persona que según los parámetros del Art. 4 de la Ley de Menores, *supra*, se encuentra bajo la jurisdicción de una Sala de Asuntos de Menores, es necesario que, sin importar las circunstancias, el Tribunal de Menores haya tenido primero la oportunidad de renunciar a su jurisdicción sobre la persona. Claro está, esto a no ser que las propias acciones de la persona puedan interpretarse como una renuncia implícita a la jurisdicción de ese tribunal.**

Por lo tanto, en el caso de autos lo que correspondía era la presentación de la queja primero ante la Sala de Asuntos de Menores para que, de encontrarse causa contra Villafañe Marcano, fuera ese tribunal el que, en el uso de su sana discreción, determinara la renuncia de su jurisdicción.[38] Sólo entonces el caso podía ser juzgado en un proceso criminal ordinario.

Ahora bien, en este caso el Tribunal de Apelaciones concluyó que el foro de instancia carecía de jurisdicción basado en que no se encontraban presentes los elementos de una renuncia implícita por parte del recurrido y que el Estado no pudo justificar su dilación en la presentación de la causa penal en su contra. Además, en su sentencia, el ilustrado foro apelativo intermedio plantea la

---

[38] Recordemos que podrían darse las circunstancias en que, sometido el caso ante la Sala de Asuntos de Menores, no se encontrara causa para aprehensión o para la presentación de querella contra el acusado.

situación de que "en este caso, el peticionario pudo haberse beneficiado del enfoque ecléctico o fin rehabilitador que... promueve la Ley de Menores... [n]o obstante, por razones que no son atribuibles [a éste], el Estado tardó 7 años para iniciar el proceso judicial contra aquél". (Énfasis omitido.)[39]

En primer lugar, y aunque entendemos la preocupación del Tribunal de Apelaciones en el sentido de que una dilación injustificada por parte del Estado en presentar los cargos parecería dejar sin la oportunidad a un menor de aprovecharse del "enfoque ecléctico o fin rehabilitador" de la Ley de Menores, no debemos olvidar que la presentación de los cargos a tiempo contra el aquí recurrido no hubiera garantizado el que éste se aprovechara de tal enfoque rehabilitador de todos modos. Como expresamos, hubiera sido la Sala de Asuntos de Menores la que en su discreción hubiese decidido sobre dicho asunto.

En segundo lugar, ¿puede la dilación en presentar una causa de acción penal por parte del Estado, por la razón que sea, hacer inefectiva la jurisdicción que en virtud del Art. 4 de la Ley de Menores ostenta esa sala especial? De ninguna manera. Ya hemos determinado que el hecho de que el Tribunal de Menores cese en la autoridad que le confiere el Art. 5 de la mencionada ley -como

---

[39] Apéndice de la Petición de *certiorari*, pág. 80.

consecuencia de que la persona haya cumplido 21 años- no significa que finaliza, a su vez, su jurisdicción.

Pero, además, la dilación injustificada del Estado en presentar una causa de acción penal contra un ciudadano no es un asunto jurisdiccional, sino del derecho que asiste al acusado de presentar, como parte del debido proceso de ley en su vertiente procesal, una defensa adecuada. Es, entonces, un asunto que deberá levantarse como una alegación y dirimirse por el foro que finalmente ostente la jurisdicción sobre el caso; igualmente ocurre con la prescripción del delito o la falta. De manera que la alegación de "estado de indefensión" así como la "prescripción" son defensas que asisten a un acusado, pero nada tienen que ver con la jurisdicción que sobre éste ostente el tribunal. De hecho y como sabemos, es precisamente sobre esa base jurisdiccional que el tribunal tendrá que resolver, en su momento, si proceden o no tales alegaciones.

**En conclusión, de entender el Tribunal de Menores que existe base para una desestimación de los cargos contra una persona bajo su jurisdicción, la misma no podría fundamentarse simplemente en que el imputado ha alcanzado la mayoría de edad.** El Tribunal de Menores podría, si así lo entiende conveniente en esa etapa, considerar cualquier otra moción de desestimación como sería el planteamiento de que la alegada dilación del Estado ha colocado al acusado en un estado de indefensión.

Asimismo, podría rechazar atender ese planteamiento o cualquier otro y renunciar a su jurisdicción para que el mismo sea atendido por el tribunal ordinario, una vez se le presente. **Claro está, en el supuesto de que decida no atender ningún planteamiento dirigido a desestimar los cargos contra la persona o que, considerado en sus méritos, el planteamiento sea declarado no ha lugar, el Tribunal de Menores no tiene otra opción que renunciar a su jurisdicción y enviar el caso al tribunal ordinario.**

## IV

En vista de todo lo anterior, se modifica la sentencia del Tribunal de Apelaciones a los efectos de que se ordena el envío del expediente del recurrido al Tribunal de Primera Instancia, Sala de Asuntos de Menores, para que se inicie nuevamente el proceso y, de encontrar causa para aprehensión o para presentar alguna querella, ese tribunal determine si renuncia a su jurisdicción conforme a los parámetros aquí delineados.

Se dictará Sentencia de conformidad.

Erick V. Kolthoff Caraballo
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

       v.                   CC-2008-314       Certiorari

Eric Villafañe Marcano

    Recurrido

SENTENCIA

San Juan, Puerto Rico, a 5 de octubre de 2011.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se modifica la sentencia del Tribunal de Apelaciones a los efectos de que se ordena el envío del expediente del recurrido al Tribunal de Primera Instancia, Sala de Asuntos de Menores, para que se inicie nuevamente el proceso y, de encontrar causa para aprehensión o para presentar alguna querella, ese tribunal determine si renuncia a su jurisdicción conforme a los parámetros aquí delineados.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Martínez Torres hace constar su conformidad con lo expuesto en la Opinión del Tribunal y el resultado alcanzado, pero aclara que ello no significa su conformidad con el análisis del término "jurisdicción" en la Ley de Menores que hicimos en Pueblo en interés menor A.A.O., 138 D.P.R. 160 (1995). La Juez Asociada señora Rodríguez Rodríguez concurre con el resultado sin opinión escrita. El Juez Asociado señor Rivera García emitió un Voto de Inhibición.

                          Aida Ileana Oquendo Graulau
                        Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico                    Certiorari


     Peticionario


          v.

                              CC-2008-0314

     Eric Villafañe Marcano


          Recurrido




Voto de Inhibición emitido por el Juez Asociado señor Rivera García




En San Juan, Puerto Rico, a 5 de octubre de 2011.

La controversia en el presente caso gira en torno a un aspecto jurisdiccional del pleito criminal instado contra el Sr. Eric Villafañe Marcano (el recurrido) en el Tribunal de Primera Instancia, Sala de Caguas. Durante el periodo en que este caso estuvo ante el foro primario, entre los años 2004 al 2007, fungí como Juez Superior asignado a la sala criminal del tribunal.

Como parte de mis funciones judiciales en la sala criminal, atendí varias incidencias procesales en el caso

de autos. Entre ellas, y la más relevante al recurso que ocupa a este Tribunal, presidí la vista en la cual se dilucidó

la solicitud de desestimación por falta de jurisdicción presentada por el recurrido ante el foro primario. La decisión tomada sobre ese petitorio fue consignada en una Resolución suscrita por mí en calidad de Juez Superior. Esta determinación fue, a su vez, revisada por el Tribunal de Apelaciones y objeto de la sentencia impugnada a través del presente recurso de *certiorari*.

Una de las bases sobre la cual se sostiene el sistema de justicia de un país es la imparcialidad con la que los jueces que la componen adjudican los casos y controversias. La imparcialidad demostrada por cada juez alimenta la confianza ciudadana en la justicia, lo cual constituye un factor indispensable en un estado regido por la ley y el orden. Así, nuestro ordenamiento legal exige, como principio ético firmemente arraigado en esta jurisdicción, que se excluya cualquier "apariencia de imparcialidad" en el sistema de justicia. Lind v. Cruz, 160 D.P.R 485 (2003).

Esta norma ha sido recogida en tanto en los Cánones XI y XII de Ética Judicial, 4 L.P.R.A. Ap. IV-A, como en la Regla 63.1 de Procedimiento Civil, 32 L.P.R.A. Ap. V, y en la Regla 76 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. A tenor con estos preceptos, un Juez deberá inhibirse de un procedimiento judicial en donde es susceptible de actuar en base a influencias personales o externas que denoten parcialidad, o la aparenten. Conforme a la norma

de *apariencia de parcialidad*, para que proceda la inhibición del magistrado "no es imprescindible probar la existencia de prejuicio o parcialidad de hecho; basta con la apariencia de parcialidad o prejuicio". <u>Andino Torres, Ex parte</u>, 152 D.P.R. 509 (2000)(Voto de inhibición del Juez Asociado señor Rivera Pérez).  Ello significa que ante cualquier vestigio razonable de duda sobre la imparcialidad para adjudicar, exige que el juez se abstenga de actuar en el pleito o procedimiento en aras de preservar la confianza pública en la Judicatura.

Así las cosas, dada mi intervención en el presente caso como Juez Superior y en consideración a los mandatos éticos que rigen el ejercicio de la función judicial, me inhibo de participar en la adjudicación en sus méritos del caso de autos.

Edgardo Rivera García
Juez Asociado