El Juez Asociado Señor Kolthoff Caraballo
emitió la opinión del Tribunal.
Nuestro ordenamiento jurídico no requiere tan peregrino resultado, en el que se le confiere a un adulto in-munidad absoluta de que se le juz-gue en tribunal alguno .... Pueblo v. Agosto Vázquez, 112 D.P.R. 57, 58 (1982).
El presente caso nos permite pautar si, al amparo de la Ley de Menores de Puerto Rico, infra, un Tribunal de Pri-mera Instancia, Sala de Asuntos de Menores, debe tener la oportunidad de renunciar a su jurisdicción sobre una persona mayor de edad que alegadamente cometió un acto an-tijurídico mientras contaba con 14 años de edad, sin impor-tar las razones para la dilación del Estado en presentar la queja o denuncia en su contra. La contestación es en la afirmativa.
HH
Los hechos pertinentes al caso se detallan a continuación. El 10 de enero de 1997, el acusado Eric Vi-llafañe Marcano (Villafañe Marcano o recurrido) contaba con 14 años de edad cuando alegadamente asesinó de 6 heridas punzantes a la menor Sheila M. Marcano Pas-trana, de 15 años de edad. Por tales hechos, el 12 de fe-brero de 2004, esto es, 7 años después, el Ministerio Pú-blico presentó sendas denuncias en las que le imputó al recurrido cometer un asesinato en primer grado en la mo-dalidad de muerte alevosa, deliberada y premeditada (Art. *54 83 del Código Penal de 1974) y portación de arma blanca (Art. 4 de la Ley de Armas de Puerto Rico). Así, el tribunal de instancia determinó causa probable para arresto por ambos delitos graves. Para ese entonces Villafañe Marcano contaba con 21 años, por lo que ya era mayor de edad.
El 22 de agosto de 2006 se determinó causa probable para acusar a Villafañe Marcano, y el 20 de septiembre de 2006 el Ministerio Público formuló la acusación contra éste por los hechos señalados. El 29 de octubre de 2007, el recu-rrido presentó una moción de desestimación por falta de ju-risdicción fundamentada en que para la fecha de los hechos tenía 14 años de edad, por lo que el Tribunal de Menores tenía la potestad única para juzgarlo e imponerle una me-dida dispositiva. Sostuvo, además, que ya que él no obstruyó la investigación de las autoridades para que se esclareciera el delito, no existía razón alguna por la cual un tribunal ordinario de justicia pudiera asumir jurisdicción. (1)
El día del juicio en su fondo, Villafañe Marcano argu-mentó —en apoyo a su moción de desestimación— que como los hechos alegadamente constitutivos de asesinato en primer grado (en su modalidad de muerte alevosa, deli-berada y premeditada) ocurrieron cuando él tenía 14 años y no 15, era la Sala de Asuntos de Menores la que en su momento tuvo jurisdicción, pues no se daba un supuesto de renuncia de jurisdicción “automática”. Entonces, señaló que el Tribunal de Menores tenía que haber asumido su jurisdicción para luego decidir si renunciaba a la misma. *55 No obstante, advirtió que este proceso no se podía dar ya que el recurrido era mayor de 21 años.
En esa primera etapa, el Ministerio Público se opuso a la moción de Villafañe Marcano al aducir que, pasados unos días de la fecha de los hechos, éste se había fugado y abandonado la jurisdicción de Puerto Rico, desconocién-dose su paradero o su dirección hasta que, finalmente, en agosto de 2005 se logró su extradición desde el estado de Nueva Jersey. En ese contexto, el Ministerio Público señaló que al recurrido abandonar la jurisdicción de Puerto Rico, obstruyó y dilató la investigación y que esa actuación re-presentó una renuncia implícita a que el foro de justicia juvenil dirimiera el caso, esto según Pueblo v. Cruz Alicea, 170 D.P.R. 837 (2007), y Pueblo v. Agosto Vázquez, 112 D.P.R. 57 (1982).
El tribunal de instancia declaró “no ha lugar” la moción de desestimación. Fundamentó su determinación en que el ordenamiento jurídico no establece un término límite para que el Estado culmine sus investigaciones criminales. Asi-mismo, distinguió el presente caso de un precedente en el cual el Estado se “cruzó de brazos” y, días antes de que prescribiera el delito imputado, el Ministerio Público pre-sentó la denuncia. En ese caso, aseguró el foro de instan-cia, procedía que se diera paso a la defensa de estado de indefensión. Además, el tribunal de instancia señaló que era evidente que a Villafañe Marcano no se le había pre-sentado proceso alguno ante la Sala de Asuntos de Meno-res porque inicialmente no era considerado un sospechoso. Añadió que como en un momento Villafañe Marcano salió de Puerto Rico, ello impidió que el Estado culminara su proceso investigativo, pues cuando culminó la investiga-ción y el Estado se movió a presentar las denuncias, no encontraron al recurrido en Puerto Rico.
Por último, la ilustrada sala de instancia señaló que el ordenamiento exige que los tribunales tengan jurisdicción sobre la materia y sobre la persona, pero que esto no puede *56 derrotar el fin último que debe guiar todo proceso judicial: que el acusado, a quien se le presume inocente, pueda en-frentar el proceso judicial y el Estado cumpla con demos-trar si cometió o no los delitos que se le imputan. Por úl-timo, el foro de instancia determinó que tenía jurisdicción para procesar a Villafañe Marcano como adulto y se negó a desestimar las acusaciones en su contra.
Inconforme, el recurrido acudió al Tribunal de Apelacio-nes mediante recurso de certiorari, en el cual argumentó básicamente lo mismo que había planteado ante el tribunal de instancia. Por otro lado, y contrario a lo que el Mi-nisterio Público argumentó ante el foro de instancia, el Procurador General adujo en su alegato que, luego de re-examinar el expediente del caso, estaba convencido de que no se satisfacían los criterios de los casos Pueblo v. Cruz Alicea, supra, y Pueblo v. Agosto Vázquez, supra. Aclaró que Villafañe Marcano no estuvo sujeto a responder por los delitos que ahora enfrenta acusación sino hasta febrero del 2004. Asimismo, el Procurador General concluyó que no existía impedimento legal para que el recurrido abando-nara la jurisdicción de Puerto Rico y, además, aseguró que carecía de prueba contundente que apuntara a que Villa-fañe Marcano impidió el curso de la investigación criminal.
Además, el Procurador General adujo que fue un error presentar el caso ante el tribunal ordinario de justicia una vez culminó la investigación, pero que ese error procesal no impedía que el asunto se remitiera a la Sala de Asuntos de Menores para que se evaluara si según los criterios de la legislación aplicable y de las circunstancias del recurrido, ese foro hubiera renunciado a su jurisdicción para que en-tonces se encausara a Villafañe Marcano de acuerdo con el sistema de justicia criminal ordinario (de adultos).
Atendidos los escritos de ambas partes, el Tribunal de Apelaciones revocó la determinación del tribunal de ins-tancia y desestimó las acusaciones contra Villafañe Marcano. En su sentencia, ese foro apelativo señaló que el *57 “TPI debió declararse sin jurisdicción para ventilar el caso criminal que se inició contra el peticionario”. En específico, el Tribunal de Apelaciones indicó lo siguiente:
Los hechos delictivos por los que enfrenta acusación el peti-cionario se suscitaron cuando tenía 14 años. El Estado tenía conocimiento de ese hecho y el peticionario no proveyó infor-mación falsa que llevara al Estado a desconocer de su minoridad. Además, el Estado reconoce ahora, contrario a la teoría que presentó originalmente ante el TPI, que el peticio-nario no llevó a cabo actos que resultaran en un impedimento para la investigación. Esto es, indicó que el peticionario no era sospechoso y podía libremente salir de la jurisdicción de Puerto Rico —como de hecho lo hizo. De lo anterior, se infiere razonablemente que el Estado se allana a una determinación de que el peticionario no renunció implícitamente a que la Sala de Asuntos de Menores asumiera jurisdicción de su caso. De haberse dado lo contrario, entonces hubiera procedido ava-lar la actuación del TPI en cuanto a procesar al peticionario como adulto, sin mayor análisis o contemplación. (Énfasis omitido.)(2)
Además, el Tribunal de Apelaciones planteó que el recu-rrido “pudo haberse beneficiado del enfoque ecléctico o fin rehabilitador que se profesa que promueve la Ley de Me-nores” (énfasis suprimido),(3) concluyendo que no pudo ha-cerlo porque el Ministerio Público se dilató 7 años en pre-sentar los cargos.
Por último, en la conclusión de su sentencia, el Tribunal de Apelaciones expone una serie de interrogantes o inquie-tudes que ciertamente son legítimas y que, mediante el resultado al que llegamos hoy, se atienden en esta Opinión. Específicamente, el Tribunal de Apelaciones plantea lo si-guiente:
Hay precedente jurisprudencial claramente establecido que atiende los supuestos en que corresponde procesar como adulto, al imputado o acusado de delito, cuando éste es respon-sable de que el caso no se sometiera a tiempo ante la Sala de *58 Asuntos de Menores. No obstante, nada se ha indicado para aclarar cómo se debe atender el supuesto en que se inicia el proceso judicial criminal, como adulto, contra una persona que alegadamente cometió los hechos delictivos cuando era menor de edad. Máxime, cuando el propio Estado reconoce que el imputado o el acusado no es responsable por la dilación en el proceso. Tampoco se ha señalado si el Estado tiene que justi-ficar la dilación que, en última instancia, le impide al impu-tado o acusado beneficiarse de las disposiciones de la legisla-ción especial creada para los ofensores menores de edad.
Mucho menos se ha comentado si lo que procede en esos ca-sos es devolver el caso a la Sala de Menores para que determine si tiene o no jurisdicción y autoridad para lidiar con el caso; o si este curso de acción debe rechazarse por resultar en un ejer-cicio en futilidad, en vista de que el imputado o acusado ya llegó a la mayoría de edad, lo cual, en principio, impide que la Sala de Asuntos de Menores pueda asumir jurisdicción sobre el caso o pueda ejercer su autoridad sobre el ofensor. Más aún, no se han aclarado las implicaciones que pueda tener un supuesto como el de autos con el debido proceso de ley de un imputado o acusado de delito; o si hay espacio, para plantear y oponer contra el estado, la defensa de estado de indefensión, principal-mente, en casos como el presente en que subyace una imputa-ción o una acusación por un delito que no prescribe. (Énfasis suplido.(4)
Inconforme con la decisión del Tribunal de Apelaciones, el Procurador General acude ante nuestra consideración mediante un recurso de certiorari, el cual expedimos, y nos señala la comisión de los siguientes dos errores por parte del Tribunal de Apelaciones:

Erró el Honorable Tribunal de Apelaciones al determinar que el Tribunal de Menores no estaba en posición para evaluar los méritos de una renuncia de jurisdicción.

Erró el Honorable Tribunal de Apelaciones al decretar que el Ministerio Público había incurrido en incuria, al concluir que se había manipulado o burlado los debidos procesos, sin que se hubiera desfilado prueba a estos efectos ante el tribunal de primera instancia. (Enfasis suplido.) Petición de certiorari, pág. 6.
*59 Con el beneficio de los escritos de ambas partes, resolvemos.
II

A. La jurisdicción del Tribunal de Menores y su autoridad

Como señalamos recientemente, mediante la Ley de Menores de Puerto Rico (Ley de Menores)(5) la Legislatura “diseñó un sistema de justicia especial para menores .. .”.(6) Entonces, no es de extrañar que para ese procedimiento especial el legislador estableciera, a su vez, una jurisdic-ción especial que delimite específica y estrictamente el ám-bito de acción del Tribunal de Primera Instancia, Sala de Asuntos de Menores, creado por la propia ley.
El Art. 4 de la Ley de Menores, 34 L.P.R.A. sec. 2204, es el único que dispone sobre cuál ha de ser la jurisdicción del Tribunal de Menores. El texto de dicho artículo señala lo siguiente:

See. 2204. Jurisdicción del tribunal

(1) El tribunal tendrá autoridad para conocer de:
(a) Todo caso en que se impute a un menor conducta que constituya falta, incurrida antes de éste haber cumplido die-ciocho (18) años de edad. Dicha autoridad estará sujeta al pe-ríodo prescriptivo dispuesto en las leyes penales para la con-ducta imputada.
(b) Cualquier asunto relacionado con menores, según dis-puesto mediante ley especial, confiriéndole facultad para en-tender en dicho asunto.
(2) El tribunal no tendrá autoridad para conocer de:
(a) Todo caso en que se impute a un menor que hubiere cumplido quince (15) años de edad la comisión de hechos cons-titutivos de asesinato en primer grado mediante deliberación y premeditación.
*60 (b) Todo caso en que se impute a un menor que hubiere cumplido quince (15) años de edad hechos constitutivos de de-lito que surjan de la misma transacción o evento constitutivo de asesinato en primer grado mediante deliberación y premeditación.
(c) Todo caso en que se impute a un menor que hubiere cumplido quince (15) años de edad hechos constitutivos de de-lito cuando se le hubiese adjudicado previamente un asesinato como adulto.
(3) En todos los casos contemplados en las cláusulas (a), (b) y (c) del inciso (2) de esta sección, el menor será procesado como un adulto.
(4) La Sala de lo Criminal del Tribunal General de Justicia conservará jurisdicción sobre el menor aun cuando haga ale-gación de culpabilidad o medie convicción por un delito dis-tinto al asesinato. Igualmente, conservará jurisdicción cuando el Tribunal de Primera Instancia, Sala de Menores, hubiere renunciado a la jurisdicción del menor y en el procedimiento ordinario como adulto al menor se le archivaran los cargos o se le encontrara no culpable.
(5) Cuando un magistrado determine la existencia de causa probable por un delito distinto al asesinato, éste y cualquier otro delito que surgiere de la misma transacción se trasladará al tribunal que ejerza su autoridad bajo las disposiciones de este capítulo y éste retendrá y conservará jurisdicción, según se dispone en la see. 2205 de este título.
El mencionado artículo establece que el Tribunal de Me-nores podrá ejercer jurisdicción sobre todo acto antijurídico que alegadamente haya cometido una persona menor de 18 años de edad; sujeto, claro está, al período prescriptivo dis-puesto en las leyes penales para ese acto antijurídico. En ese primer contexto ya hemos establecido que para deter-minar la jurisdicción especial del Tribunal de Primera Ins-tancia, Sala de Asuntos de Menores, lo determinante es la edad de la persona cuando alegadamente cometió los hechos.(7) Además, ese tribunal ejercerá la jurisdicción que le conñera alguna ley especial sobre cualquier asunto rela-cionado con menores.
*61 El Art. 4 de la Ley de Menores, supra, también establece unas instancias en las que, de plano, el Tribunal de Menores no tendrá jurisdicción. En primer lugar, cuando el delito que se impute sea asesinato en primer grado mediante deliberación y premeditación, y el menor haya cumplido los 15 años. Segundo, cuando a un menor que tenga 15 años o más se le acuse de algún delito que surja de la misma transacción o evento constitutivo de asesinato en primer grado mediante deliberación y premeditación. En tercer lugar, el Tribunal de Menores no tendrá jurisdicción cuando a un menor que haya cumplido 15 años se le impute que cometió un delito, si a ese menor “se le hubiese adjudicado previamente un asesinato como adulto”.(8)
Por otro lado, el Art. 5 de la Ley de Menores, 34 L.P.R.A. sec. 2205, establece la duración y las condiciones de lo que el legislador ha llamado la “autoridad” del Tribunal de Menores, al disponer lo siguiente:

See. 2205. Duración de la autoridad del tribunal

El tribunal conservará su autoridad sobre todo menor sujeto a las disposiciones de este capítulo hasta que cumpla la edad de veintiún (21) años, a menos que mediante orden al efecto dé por terminada la misma.
En todos los casos en que un menor, estando aún bajo la au-toridad del tribunal, sea procesado y convicto como adulto, el tribunal (Sala Asuntos de Menores) perderá automáticamente su autoridad sobre dicho menor. En estos casos, si al momento de ser acusado como adulto, el menor no presta la fianza que le fuere impuesta, éste deberá permanecer internado en una ins-titución de la Administración de Instituciones Juveniles hasta tanto sea convicto como adulto. Una vez sea convicto como adulto cesará la autoridad de la Administración de Institucio-nes Juveniles sobre dicho menor y el mismo será puesto inme-diatamente bajo la autoridad del Tribunal General de Justicia. El tribunal tomará las providencias necesarias para asegurarse de que el convicto quede bajo custodia de la Administración.
Esta disposición plantea expresamente que el Tribunal
*62 de Menores “conservará su autoridad sobre todo menor su-jeto a las disposiciones de este capítulo hasta que cumpla la edad de veintiún (21) años, a menos que mediante orden al efecto dé por terminada la misma”.(9)
Ahora bien, a pesar de que estos dos artículos —Arts. 4 y 5 de la Ley de Menores, supra— son laxos al establecer una diferencia en la utilización de los conceptos “jurisdic-ción” y “autoridad”, ciertamente existe una diferencia entre ambos. Entonces, en el marco del tema jurisdiccional y, en específico, ante la tarea de enfatizar esa diferencia enmar-cándola en el resultado que produce, conviene considerar tres casos en los que, desde la creación de la actual Ley de Menores y sus enmiendas, hemos establecido pautas sobre el asunto.
1. Pueblo en interés menor A.A.O. (1995)
El primer caso que es necesario considerar es Pueblo en interés menor A.A.O., 138 D.P.R. 160 (1995), en el que establecimos que “una vez un menor es procesado y convicto como adulto por un delito cometido antes de su mayoría de edad, el Tribunal de Menores no tendrá jurisdicción, si posteriormente ese joven es encausado por conducta constitutiva de delito cometida antes de los 18 años”.(10) Los hechos pertinentes en Pueblo en interés menor A.A.O., supra, son los siguientes: por hechos ocurridos cuando tenía 17 años, se presentaron urnas denuncias contra el menor A.A.O. por asesinato, robo y violaciones a la Ley de Armas de Puerto Rico, esto en el Tribunal Superior, Sala de lo Criminal. Con relación a esos hechos, el menor A.A.O. hizo alegación de culpabilidad. (11) Una semana después de haber hecho tal *63 alegación, el Procurador de Menores le solicitó al Tribunal de Menores que cesara su autoridad sobre el convicto en cuanto a una medida dispositiva que había impuesto con relación a urnas faltas de alteración a la paz y amenaza por las cuales el menor había sido encontrado incurso previamente. Así, la Sala de Asuntos de Menores ordenó el cierre y el archivo del expediente correspondiente al menor.
Posteriormente, por otros hechos cometidos incluso una semana antes de los hechos por los cuales había aceptado culpabilidad como adulto, el convicto A.A.O. fue acusado nuevamente en el Tribunal Superior, Sala de lo Criminal, por los delitos de tentativa de asesinato, robo y violaciones a la Ley de Armas de Puerto Rico. Sin embargo, en ese momento la Sala de lo Criminal determinó que no tenía jurisdicción porque al acusado se le imputaban faltas co-metidas cuando era menor, por lo que desestimó las acusa-ciones y ordenó el traslado del expediente al Tribunal de Menores. Una vez recibió el expediente, la Sala de Asuntos de Menores se declaró sin jurisdicción y fundamentó su decisión básicamente en que ya había terminado su auto-ridad sobre el menor, pues éste ya había sido convicto como adulto, en conformidad con el Art. 5 de la Ley de Menores, 34 L.P.R.A. sec. 2205. Finalmente, y como adelantamos, esta Curia confirmó tal determinación.
Ahora bien, lo que realmente es pertinente al caso que nos ocupa es que en Pueblo en interés menor A.A.O., supra, también establecimos —por primera vez con meridiana claridad— la realidad de que el concepto “jurisdicción” al que se refiere el Art. 4 de la Ley de Menores, supra, y el concepto “autoridad” del Art. 5 de dicha ley, aunque íntimamente relacionados, no son análogos. En ese caso, reiterado posteriormente en Pueblo v. Suárez, 167 D.P.R. 850, 858 (2006), también definimos el concepto “jurisdicción”, utilizado en el Art. 4 de la Ley de Menores, supra, *64 señalando que éste “se refiere a la facultad especial de la Sala de Asuntos de Menores para entender en procesos contra éstos y se relaciona ‘con la cuestión de si el menor debe ser encausado dentro del sistema de justicia juvenil o en el sistema de justicia criminal’ ”.(12) Dicho de otro modo, “la jurisdicción es determinante al decidir quién debe ser encausado como menor o, por el contrario, como adulto”.(13)
Por último, y muy pertinente a la controversia que nos ocupa, en Pueblo en interés menor A.A.O, supra, señalamos que los conceptos “jurisdicción” y “autoridad”
... se refieren a etapas distintas del proceso: la jurisdicción determina quién debe ser encausado dentro del sistema de justicia juvenil y la autoridad define el tipo y la duración de la medida impuesta urna vez se determine que éste se encuentra incurso en falta.(14)
2. Pueblo v. Suárez (2006)
El caso Pueblo v. Suárez, supra, es extremadamente im-portante con relación a la polémica que nos ocupa porque en él la Procuradora de Menores presentó una queja en el Tribunal de Menores contra el Sr. Wilfredo Suárez Alers, de 22 años de edad, por hechos ocurridos cuando éste solo tenía 13 años.(15) Una vez se celebraron las vistas corres-pondientes y se presentó la querella contra el señor Suárez Alers, la Procuradora de Menores solicitó la renuncia de la jurisdicción, de acuerdo con el Art. 15 de la Ley de Menores. (16)
El tribunal de instancia declaró “con lugar” la solicitud de renuncia de jurisdicción al resolver que, aunque tenía jurisdicción sobre el señor Suárez Alers porque los hechos los cometió mientras era menor, no tenía autoridad para *65 juzgarlo e imponer medidas dispositivas, ya que cuando fue procesado era mayor de edad. El Tribunal de Menores renunció a su jurisdicción sobre el señor Suárez Alers y remitió el expediente a la Sala de lo Criminal para que lo juzgaran como adulto, en donde fue acusado por el delito de actos lascivos.
Entonces, los cargos los presentaron ante la Sala de lo Criminal, en donde Suárez Alers, a su vez, presentó una moción de desestimación basada en que la “dilación del Estado” en presentar la denuncia en su contra lo colocaba en estado de indefensión.(17) El Ministerio Público, por su parte, se opuso al aducir que el Estado no había sido negli-gente ni había procedido con incuria, ya que la dilación no se le podía atribuir.(18) Luego de una vista evidenciaría para evalu.ar la solicitud de desestimación, la Sala de lo Criminal desestimó el pliego acusatorio al concluir que el acusado se encontraba en estado de indefensión.(19)
El Ministerio Público recurrió de tal decisión y el Tribunal de Apelaciones revocó al determinar que la dilación en la presentación de la acusación no se le podía atribuir al Estado.(20) Entonces, el señor Suárez Alers recurrió ante *66 esta Curia y revocamos la sentencia del Tribunal de Ape-laciones por el fundamento de que el Tribunal de Menores erró al renunciar a su jurisdicción. Al así hacerlo, señala-mos que una lectura del Art. 15 de la Ley de Menores, supra, nos muestra claramente que el Tribunal de Menores solo podrá conceder la renuncia de jurisdicción en aquellos casos en que el menor involucrado sea mayor de 14 años.(21) En ese sentido señalamos que el Tribunal de Menores, “aun cuando podía asumir jurisdicción en la queja ... por ser [Suárez Alers] menor de edad al momento de los he-chos, no podía bajo ningún supuesto renunciar a su juris-dicción y referir el asunto a la Sala de lo Criminal del Tribunal Superior”.(22)
En primer lugar, y como vemos, en Pueblo v. Suárez, supra, a pesar de que el fundamento para las decisiones de los foros apelados se fundamentó exclusivamente en la con-currencia de los elementos de la defensa de “estado de in-defensión”, este Foro correctamente atendió primero el as-pecto jurisdiccional, archivando el pliego acusatorio y ordenando el sobreseimiento de la causa de acción contra el señor Suárez Alers.(23)
*67 Más pertinente aún, en Pueblo v. Suárez, supra, un caso que como en el de autos el Estado se tardó en presentar la denuncia contra el acusado, adelantamos lo que sería nuestra posición ante la controversia que nos ocupa, pues en el escolio número 4 señalamos lo siguiente:
“Debe quedar claro, sin embargo, que si Suárez Alers hu-biese sido mayor de catorce años cuando ocurrieron los hechos que se le imputaron, nada impedía que la Sala de Asuntos de Menores asumiera jurisdicción y que, luego de la vista corres-pondiente, determinarla] si procedía o no renunciar a su jurisdicción.” (Enfasis suplido.(24)
Incluso, la opinión disidente del Juez Asociado Señor Rebollo López, a la que se unió el Juez Asociado Señor Rivera Pérez, señala lo siguiente:
Debe mantenerse presente que si a la fecha de la alegada comisión de los hechos el peticionario Suárez Alers era, en efecto, mayor de catorce años, la renuncia de jurisdicción que llevara a efecto la Sala Superior de Asuntos de Menores es válida en derecho. Si ello es así, la Sala Superior de lo Criminal ... tendría jurisdicción para juzgar, como adulto, al peti-cionario Suárez Alers por el delito de actos lascivos o impúdicos. (Enfasis en el original.)(25)
De manera que, con relación a este punto, en Pueblo v. Suárez, supra, esta Curia se expresó unánimemente.
Por otro lado, y respecto al concepto “autoridad” del Art. 5 de la Ley de Menores, supra, en Pueblo v. Suárez, supra, pág. 859 esc. 1, citando nuevamente a Pueblo en interés menor A.A.O, supra, pág. 172, señalamos que “ ‘[e]l concepto “autoridad” utilizado en el estatuto [Art. 5 de la Ley de Menores] se refiere a la “supervisión”, detención o *68 custodia del menor que asume el Estado como parens pa-triae, mientras a éste se le encausa y luego de que se ha determinado que está incurso en la comisión de una falta’ Asimismo, concluimos que este concepto “se refiere al tipo y a la duración de la medida impuesta una vez se determine que el menor se encuentra incurso en una falta”.(26) Por lo tanto, el concepto “autoridad” del Art. 5 de la Ley de Meno-res, supra, no se refiere el aspecto jurisdiccional del Tribunal de Menores, sino al término para la implementación del tipo y la duración de la medida dispositiva.
3. Pueblo v. Cruz Alicea (2007)
El tercer y último de los casos que es menester discutir es Pueblo v. Cruz Alicea, 170 D.P.R. 837 (2007). En dicho caso atendimos una controversia similar a la planteada en Pueblo v. Suárez, supra, y a la del presente caso. En particular, la Sala de Asuntos de Menores se declaró sin juris-dicción sobre el Sr. Luis Cruz Alicea por éste haber cum-plido la mayoría de edad sin que el caso se hubiera sometido a tiempo ante la Sala de Asuntos de Menores. Ahora bien, en Pueblo v. Cruz Alicea, supra, el Procurador General logró probar que el caso no se pudo presentar oportunamente ante la Sala de Asuntos de Menores porque el acusado se había fugado de la jurisdicción y, cuando las autoridades lo localizaron, ya había cumplido la mayoría de edad. Los hechos pertinentes son los siguientes: el señor Cruz Alicea hizo alegación de culpabilidad por posesión de sustancias controladas ante la Sala de Asuntos de Meno-res, por lo que el tribunal de instancia le concedió la liber-tad a prueba bajo la custodia de su madre. No obstante, pasado un tiempo el foro de instancia ordenó su ingreso a un Hogar CREA para recibir tratamiento terapéutico. Sin embargo, el señor Cruz Alicea no acudió a dicho centro terapéutico, por lo que el tribunal de instancia emitió una *69 orden de detención en su contra, revocó la libertad a prueba en su ausencia y entregó la custodia a la Adminis-tración de Instituciones Juveniles.
En las vistas de seguimiento de la orden de detención, la madre del señor Cruz Alicea informó inicialmente que su hijo se encontraba en Hartford, Connecticut, pero luego alegó que desconocía su paradero. Posteriormente, en agosto de 1999, y estando vigente la orden de detención en su contra, agentes de la Policía lo detuvieron por alegada posesión de sustancias controladas, esta vez, con la inten-ción de distribuir. En ese momento, el señor Cruz Alicea no dijo la verdad en cuanto a su nombre y número de seguro social, pero su fecha de nacimiento era la correcta. Fue conducido ante un magistrado, se le encontró causa probable para arresto y fue ingresado en una institución carce-laria para adultos, de donde luego salió al prestar la fianza.
Sin embargo, nuevamente el señor Cruz Alicea no com-pareció al tribunal de instancia, esta vez a la vista preli-minar, por lo que se determinó causa probable en ausencia y se ordenó su arresto. Tanto en esa ocasión como en el acto de lectura de acusación, la madre del señor Cruz Alicea informó que no conocía el paradero de su hijo. Luego de no comparecer a varios señalamientos, se ordenó la confisca-ción de la fianza y el archivo administrativo del caso, de-clarándolo prófugo de la justicia.
No fue sino hasta el 2005 (transcurridos 6 años) cuando, después de haber sido extraditado desde el estado de Connecticut, el señor Cruz Alicea finalmente compareció al acto de lectura de acusación. Cuando comenzó el juicio, la defensa del señor Cruz Alicea planteó que cuando cometió los hechos era menor de edad, por lo que el tribunal carecía de jurisdicción para procesarlo como adulto. Ante ese plan-teamiento, el foro de instancia se declaró sin jurisdicción y remitió el expediente a la Sala de Asuntos de Menores, la cual, determinó que carecía de autoridad para atender el *70 caso ya que el señor Cruz Alicea había cumplido la mayoría de edad.(27)
Inconforme, el Procurador General acudió ante el Tribunal de Apelaciones y alegó, entre otras cosas, que al fu-garse de la jurisdicción, el señor Cruz Alicea fue el respon-sable de que su caso no se remitiera a tiempo al Tribunal de Menores y que, por lo tanto, correspondía procesarlo como adulto. No obstante, dicho foro apelativo denegó la expedición del auto solicitado, por lo que el Procurador General recurrió ante esta Curia.
Atendido el asunto, en aquella ocasión resolvimos revocar la decisión del Tribunal de Apelaciones. Determinamos, en primer lugar, que “[l]a propia legislación sobre menores, así como su jurisprudencia interpretativa, presentan la posibilidad de que un menor sea encau[s]ado a través del procedimiento ordinario cuando no se conoce su minoridad”.(28) Sin embargo, “una vez se conoce la minoridad del imputado, corresponde trasladar el caso a la Sala de Asuntos de Menores”. (29)
Por último, según lo resuelto en Pueblo v. Agosto Vázquez, supra, establecimos que cuando el propio acusado es el responsable de que su caso no se someta a tiempo ante la Sala de Asuntos de Menores, se le debe procesar como adulto, pues se entiende que con su actuación ha renunciado implícitamente a que la Sala de Asuntos de Menores determine si retiene jurisdicción sobre el caso. Por lo tanto, en Pueblo v. Cruz Alicea, supra, reiteramos la norma *71 establecida en Pueblo v. Agosto Vázquez, supra, en el sen-tido de que las actuaciones de un acusado al dilatar u obs-truir la presentación de la denuncia ante el Tribunal de Menores pueden constituir una renuncia implícita a la ju-risdicción de ese foro.
4. El estado de indefensión
Como señalamos, en el caso de autos la Procuradora General nos plantea como segundo error el hecho de que el Tribunal de Apelaciones determinara que el Ministerio Pú-blico procedió con incuria. Ante ese planteamiento, con-viene adentrarnos brevemente en los requisitos de la de-fensa de “estado de indefensión”, defensa que se plantea ante la alegada incuria del Estado.
Una vez se identifica la existencia de un interés individual de libertad que está siendo amenazado por una intervención del Estado, se activa la protección que ofrece la cláusula constitucional del debido proceso de ley,(30) en su vertiente procesal. (31) Uno de los componentes básicos de ese debido proceso de ley procesal es el derecho que asiste al ciudadano a poder preparar su defensa. (32)
La dilación injustificada del Estado en presentar los cargos en contra de un ciudadano lo puede colocar en un “estado de indefensión” que, de probarse, conlleva la deses-timación o sobreseimiento de la causa penal. Esto ocurre cuando el tiempo transcurrido impide que la persona a ser encausada pueda identificar y recopilar prueba que se po-dría considerar en su beneficio o exculpatoria. Por ejemplo, en ocasiones el tiempo transcurrido pudiera hacer difícil que la persona recuerde en dónde o con quién, si alguien, se encontraba el día de los alegados hechos, esto en perjui-cio de una posible defensa de coartada.
*72 Ahora bien, “[e]l lapso de tiempo sujeto al escrutinio de razonabilidad estará sujeto a la regla de la totalidad, para lo que dependerá de la determinación judicial de si hubo o no un estado de indefensión para el eventual imputado”.(33) Asimismo, “[l]a existencia de perjuicio por la dilación del Estado es generalmente necesaria pero no suficiente en sí para sostener una alegación de violación al debido proceso de ley”.(34) En resumen, la violación al debido proceso de ley que enmarca esta defensa requiere que la persona de-muestre, primero, que la dilación en la presentación de los cargos en su contra le causó un estado de indefensión y, segundo, “que la razón que tuvo el Estado para tal dilación no está razonablemente justificada más allá de la liberali-dad con que se debe analizar el proceso investigativo”.(35)
III
En el presente caso, el foro apelativo intermedio deter-minó, en primer término, que la Sala de lo Criminal no tenía jurisdicción para atender la causa presentada contra el re-currido Villafañe Marcano porque éste era menor de edad cuando ocurrieron los hechos que se le imputan. Tal deter-minación fue correcta, pues correspondía que el tribunal con jurisdicción, esto es, la Sala de Asuntos de Menores, renun-ciara primero a su jurisdiction(36) Nos explicamos.
Con relación a los Arts. 4 y 5 de la Ley de Menores, supra, del análisis de ambos estatutos, así como de nuestra normativa jurisprudencial previa, concluimos que *73 es el Art. 4 de la mencionada ley el único que establece los parámetros de la jurisdicción del Tribunal de Menores. Mientras, el Art. 5 enmarca no el aspecto jurisdiccional del Tribunal de Menores, sino el término para la implementation del tipo y duración de la medida dispositiva que se ha de imponer. Además, nada encontramos en la letra de la ley ni en su historial legislativo que nos persuada a pensar que el hecho de que el Art. 5 de la Ley de Menores, supra, disponga que la Sala de Asuntos de Menores pierde su au-toridad sobre una persona por haber alcanzado los 21 años, implica que ha perdido, a su vez, jurisdicción sobre ésta.
De manera que para que se pueda iniciar un proceso criminal en una sala de adultos contra cualquier persona que, según los parámetros del Art. 4 de la Ley de Menores, supra, se encuentra bajo la jurisdicción de una Sala de Asuntos de Menores, es necesario que, sin importar las cir-cunstancias, el Tribunal de Menores haya tenido primero la oportunidad de renunciar a su jurisdicción sobre la persona. Claro está, esto a no ser que las propias acciones de la persona se puedan interpretar como una renuncia im-plícita a la jurisdicción de ese tribunal.
Por lo tanto, en el caso de autos, lo que correspondía era presentar primero la queja ante la Sala de Asuntos de Me-nores para que, de encontrarse causa contra Villafañe Marcano, fuera ese tribunal el que, en el uso de su sana discreción, determinara la renuncia de su jurisdicción.(37) Solo entonces el caso podía ser juzgado en un proceso criminal ordinario.
Ahora bien, en este caso, el Tribunal de Apelaciones con-cluyó que el foro de instancia carecía de jurisdicción basado en que no se encontraban presentes los elementos de una renuncia implícita por parte del recurrido y que el Estado *74 no pudo justificar su dilación en la presentación de la causa penal en su contra. Además, en su sentencia, el ilus-trado foro apelativo intermedio plantea la situación de que “en este caso, el peticionario pudo haberse beneficiado del enfoque ecléctico o fin rehabilitador que ... promueve la Ley de Menores!, n]o obstante, por razones que no son atri-buibles [a éste], el Estado tardó 7 años para iniciar el pro-ceso judicial contra aquél”. (Énfasis omitido.(38)
En primer lugar, y aunque entendemos la preocupación del Tribunal de Apelaciones de que una dilación injustifi-cada del Estado en presentar los cargos parecería dejar sin la oportunidad a un menor de aprovecharse del “enfoque ecléctico o fin rehabilitador” de la Ley de Menores, no de-bemos olvidar que la presentación de los cargos a tiempo contra el aquí recurrido no hubiera garantizado que éste se aprovechara de tal enfoque rehabilitador de todos modos. Como expresamos, hubiera sido la Sala de Asuntos de Me-nores la que en su discreción hubiese decidido sobre dicho asunto.
En segundo lugar, ¿puede la dilación del Estado en pre-sentar una causa de acción penal, por la razón que sea, hacer inefectiva la jurisdicción que de acuerdo con el Art. 4 de la Ley de Menores posee esa sala especial? De ninguna manera. Ya hemos determinado que el hecho de que el Tribunal de Menores cese en la autoridad que le confiere el Art. 5 de la mencionada ley —como consecuencia de que la persona haya cumplido 21 años— no significa que finaliza, a su vez, su jurisdicción.
Pero, además, la dilación injustificada del Estado en presentar una causa de acción penal contra un ciudadano no es un asunto jurisdiccional, sino del derecho que asiste al acusado de presentar, como parte del debido proceso de ley en su vertiente procesal, una defensa adecuada. Es, entonces, un asunto que se deberá levantar como una *75 alegación y lo dirimirá el foro que al final tenga o posea la jurisdicción sobre el caso; igualmente ocurre con la pres-cripción del delito o la falta. De manera que la alegación de “estado de indefensión” así como la “prescripción” son de-fensas que asisten a un acusado, pero nada tienen que ver con la jurisdicción que sobre éste posea el tribunal. De he-cho, y como sabemos, es precisamente sobre esa base juris-diccional que el tribunal tendrá que resolver, en su mo-mento, si proceden o no tales alegaciones.
En conclusión, de entender el Tribunal de Menores que existe fundamento para una desestimación de los cargos contra una persona bajo su jurisdicción, la misma no se podría fundamentar simplemente en que el imputado ha alcanzado la mayoría de edad. El Tribunal de Menores po-dría, si así lo entiende conveniente en esa etapa, conside-rar cualquier otra moción de desestimación como sería el planteamiento de que la alegada dilación del Estado ha colocado al acusado en un estado de indefensión. Asi-mismo, podría rechazar atender ese planteamiento o cual-quier otro y renunciar a su jurisdicción para que el tribunal ordinario lo atienda, una vez se le presente. Claro está, en el supuesto de que decida no atender ningún plantea-miento dirigido a desestimar los cargos contra la persona o que, considerado en sus méritos, el planteamiento se declare “no ha lugar”, el Tribunal de Menores no tiene otra opción que renunciar a su jurisdicción y enviar el caso al tribunal ordinario.
IV
Por todo lo anterior, se modifica la sentencia del Tribunal de Apelaciones a los efectos de que se ordene el envío del expediente del recurrido al Tribunal de Primera Instancia, Sala de Asuntos de Menores, para que se inicie nuevamente el proceso y, de encontrar causa para aprehensión o para presentar alguna querella, ese tribunal determine si renun- *76 da a su jurisdicdón conforme a los parámetros aquí delineados.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Martínez Torres hizo constar su conformidad con lo expuesto en la Opinión del Tribunal y con el resultado alcanzado, pero aclaró que ello no significa su conformidad con el análisis del término “jurisdicción” en la Ley de Menores que hicimos en Pueblo en interés menor A.A.O., 138 D.P.R. 160 (1995). La Juez Asociada Señora Rodríguez Rodríguez concurrió con el resultado sin opinión escrita. El Juez Asociado Señor Rivera García emitió un voto de inhibición.
— O —
Voto de inhibición emitido por el Juez Asociado Señor Rivera García.
La controversia en el presente caso trata sobre un as-pecto jurisdiccional del pleito criminal instado contra el Sr. Eric Villafañe Marcano (el recurrido) en el Tribunal de Pri-mera Instancia, Sala de Caguas. Durante el periodo en que este caso estuvo ante el foro primario, entre el 2004 y el 2007, fungí como Juez Superior asignado a la sala criminal del tribunal.
Como parte de mis funciones judiciales en la sala criminal, atendí varias incidencias procesales en el caso de autos. Entre ellas, y la más relevante al recurso que ocupa a este Tribunal, presidí la vista en la cual se dilucidó la solicitud de desestimación por falta de jurisdicción que pre-sentó el recurrido ante el foro primario. La decisión to-mada sobre ese petitorio se consignó en una Resolución suscrita por mí en calidad de Juez Superior. Esta determi-nación, a su vez, la revisó el Tribunal de Apelaciones y fue objeto de la sentencia impugnada a través del presente re-curso de certiorari.
*77 Una de las bases sobre la cual se sostiene el sistema de justicia de un país es la imparcialidad con la que los jueces que la componen adjudican los casos y las controversias. La imparcialidad que demuestre cada juez alimenta la con-fianza ciudadana en la justicia, lo cual constituye un factor indispensable en un estado regido por la ley y el orden. Así, nuestro ordenamiento legal exige, como principio ético fir-memente arraigado en esta jurisdicción, que se excluya cualquier “apariencia de imparcialidad” en el sistema de justicia. Lind v. Cruz, 160 D.P.R. 485 (2003).
Esta norma ha sido recogida en tanto en los Cánones XI y XII de Ética Judicial, 4 L.P.R.A. Ap. IV-A, en la Regla 63.1 de Procedimiento Civil, 32 L.P.R.A. Ap. V, así como en la Regla 76 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. De acuerdo con estos preceptos, un juez se deberá inhibir de un procedimiento judicial en donde es susceptible de actuar a base de influencias personales o externas que de-noten parcialidad, o la aparenten. Conforme con la norma de apariencia de parcialidad, para que proceda la inhibi-ción del magistrado “ £no es imprescindible probar la exis-tencia de prejuicio o parcialidad de hecho; basta con la apa-riencia de parcialidad o prejuicio’ ”. Andino Torres, Ex parte, 152 D.P.R. 509, 511 (2000), voto de inhibición del Juez Asociado Señor Rivera Pérez. Ello significa que ante cualquier vestigio razonable de duda sobre la imparciali-dad para adjudicar, exige que el juez se abstenga de actuar en el pleito o procedimiento para preservar la confianza pública en la Judicatura.
Así las cosas, dada mi intervención en el presente caso como Juez Superior y en consideración a los mandatos éti-cos que rigen el ejercicio de la función judicial, me inhibo de participar en la adjudicación en sus méritos del caso de autos.

 En su moción, Villafañe Marcano argumentó específicamente que las autori-dades conocían la fecha de los hechos, su fecha de nacimiento y, por consiguiente, sabían que a la fecha de los hechos, él solo tenía 14 años de edad. Además, señaló que mientras fue menor de edad nunca se le indicó que era sospechoso ni se inició proceso alguno en su contra, por lo que señaló que la responsabilidad por la dilación para someter el caso correspondía única y exclusivamente al Estado.
En ese contexto, el recurrido indicó que no ofreció información confusa ni falsa sobre sus circunstancias personales y que nunca obstruyó ni dilató el proceso, por lo que sugirió que no se le podía imponer responsabilidad por el hecho de que no se había presentado un caso en su contra en la Sala de Asuntos de Menores. Así, pues, Villafañe Marcano solicitó al tribunal de instancia que desestimara las acusaciones por alegada falta de jurisdicción. Véase Apéndice de la Petición de certiorari, págs. 5-6.

 Apéndice de la Petición de certiorari, pág. 80.

 íd.

 Id., págs. 82-83.

 Ley Núm. 88 de 9 de julio de 1986, según enmendada, 34 L.P.R.A. sec. 2201 eí seq.

 Pueblo en interés menores C.L.R. y A.V.L., 178 D.RR. 315, 341 (2010).

 Pueblo v. Cruz Alicea, 170 D.P.R. 837 (2007); Pueblo v. Suárez, 167 D.P.R. 850 (2006); Pueblo en interés menor A.A.O., 138 D.P.R. 160 (1995).

 Art. 4(2)(c) de la Ley de Menores, 34 L.P.R.A. sec. 2204(2)(c).

 Art. 5 de la Ley de Menores, 34 L.P.R.A. sec. 2205.

 D. Nevares-Muñiz, Derecho de Menores, 5ta ed. rev., Hato Rey, Ed. Inst. Desarrollo del Derecho, 2005, pág. 26. Véanse, también: Pueblo en interés menor A.A.O., supra, págs. 172-173; Pueblo v. Figueroa González, 95 D.RR. 98, 106 (1967).

 En ese momento ya el menor había sido encontrado incurso y se le había impuesto una medida dispositiva por faltas de alteración a la paz y amenaza, con-forme al sistema de justicia para menores, ello en el Tribunal de Primera Instancia, *63 Sala de Asuntos de Menores.

 Citando a Pueblo en interés menor A.A.O., 138 D.P.R. 160, 172 (1995).

 Pueblo v. Suárez, supra, pág. 858.

 Pueblo en interés menor A.A.O., supra, pág. 173.

 En la queja se le imputó al señor Suárez Alers haber incurrido, alegada-mente, en el delito de actos lascivos o impúdicos contra el menor M.B.E., de 7 años.

 34 L.P.R.A. sec. 2215.

 En su moción de desestimación, el señor Suárez Alers argumentó que, luego de transcurrir nueve años desde que ocurrieron los hechos hasta la presentación de los cargos, le era imposible recordar dónde se encontraba ese día, lo que impedía que pudiera traer evidencia a su favor y ello constituía una clara violación al debido proceso de ley.

 El Ministerio Público señaló que actuó con diligencia cuando se le notificó la querella presentada contra el señor Suárez Alers, procurando la correspondiente acción ante el Tribunal Superior, Sala de Asuntos de Menores. Además, indicó que el retraso no causó peijuicio significativo a la defensa del acusado.

 El foro de instancia entendió que luego de transcurrir nueve años entre el alegado incidente y la fecha en que el señor Suárez Alers fue acusado, el derecho de éste a preparar una defensa adecuada se había vulnerado severamente. Ello, a su vez, incidía sobre el derecho del señor Suárez Alers a un juicio justo e imparcial.

 El Tribunal de Apelaciones concluyó que la dilación en la presentación de la acusación no era atribuible al Estado, ya que fue el padre del menor quien, a pesar de tener conocimiento de lo ocurrido, no presentó la querella en ese momento. Dicho foro apelativo indicó que el Estado actuó diligentemente pues, una vez supo lo ocu-rrido, inició el trámite correspondiente ante el Tribunal Superior, Sala de Asuntos de Menores. También señaló que aun analizando la alegación genérica del acusado de que la dilación en el procedimiento le impedía preparar adecuadamente su defensa, ésta era insuficiente para configurar el peijuicio específico y concreto que requiere la *66 doctrina sobre el estado de indefensión. Por lo tanto, el Tribunal de Apelaciones concluyó que la alegación de perjuicio fue abstracta y general, por lo cual era improcedente.

 En lo pertinente, el Art. 15 de la Ley de Menores, 34 L.P.R.A. sec. 2215, dispone lo siguiente:

“See. 2215. Renuncia de jurisdicción

(a) Solicitud por Procurador.— El tribunal, a solicitud del Procurador, podrá renunciar la jurisdicción sobre un menor que sea mayor de catorce (14) años y menor de dieciocho (18) años, a quien se le impute la comisión de cualquier falta Clase II o III. El Procurador deberá efectuar dicha solicitud mediante moción fundamentada cuando considere que entender en el caso bajo las disposiciones de este capítulo no responderá a los mejores intereses del menor y de la comunidad.”

 Pueblo v. Suárez, supra, págs. 861-862.

 Además del aspecto jurisdiccional, el señor Suárez Alers no podía ser proce-sado por nuestro sistema de justicia criminal porque cuando ocurrieron los hechos tenía solo 13 años, lo que lo hacía inimputable por razón de minoridad. Art. 29 del Código Penal de 1974 (33 L.P.R.A. sec. 3151). La misma situación se suscitaría con las disposiciones del Código Penal vigente (Art. 38 del Código Penal de 2004 (33 L.P.R.A. sec. 4666)).

 Pueblo v. Suárez, supra, pág. 862 esc. 4.

 Pueblo v. Suárez, supra, pág. 870. El disenso de estos Jueces Asociados respondió única y exclusivamente a que entendían que del expediente del caso sur-gían dudas con relación a cuál era realmente la edad del señor Suárez Alers al momento de los hechos, por lo que se oponían al sobreseimiento de la causa penal por minoridad.

 Pueblo v. Suárez, supra, pág. 859 esc. 1.

 A su vez, el Tribunal de Menores estableció que los agentes del orden público fueron negligentes al no corroborar la edad del imputado y, por ende, al encausarlo como adulto. Por lo tanto, concluyó que el Estado fue responsable de que la querella no se presentara a tiempo ante su consideración y entendió que el debido proceso de ley le impedía remitir el caso para que se le procesara como adulto. Por ello, el Tribunal de Menores ordenó el archivo del caso. Cabe señalar que en el caso criminal anterior también se archivaron los cargos en contra del señor Cruz Alicea por éste haber cumplido 21 años.

 Pueblo v. Cruz Alicea, supra, pág. 845.

 íd., pág. 844.

 Art. II, Sec. 7, Const. E.L.A., L.P.R.A., Tomo 1.

 Pueblo v. Esquilín Maldonado, 152 D.P.R. 257, 262 (2000).

 íd.

 O.E. Resumil, Derecho procesal penal: limitaciones constitucionales al ejer-cicio del “ius puniendi”, 71 (Núm. 2) Rev. Jur. U.RR. 547, 552 (2002).

 Pueblo v. Esquilín Maldonado, supra, pág. 263. Véase, además, United States v. Lovasco, 431 U.S. 783, 790 (1976).

 Pueblo v. Esquilín Maldonado, supra, pág. 263.

 Eso, claro está, mediante el procedimiento que establece el Art. 15 de la Ley de Menores, supra.

 Recordemos que se podrían dar las circunstancias en que, sometido el caso ante la Sala de Asuntos de Menores, no se encontrara causa para aprehensión o para la presentación de una querella contra el acusado.

 Apéndice de la Petición de certiorari, págs. 80-81.